CASE 39—ACTION ON INSURANCE POLICY—JANUARY 17.

|105  323|
|114  185|

# Home Insurance Company of New York v. Mears, Etc.

### APPEAL FROM LARUE CIRCUIT COURT.

1. INSURANCE—WAIVER OF PROOF OF LOSS.—A prompt denial by an insurance company of its liability is a waiver of formal proofs of loss.

2. PREMIUM NOTES—FAILURE TO PAY AT MATURITY.—A failure to pay a premium note at maturity given for fire and tornado insurance did not work a forfeiture of the insurance where it appeared the failure arose from negotiations between the insurer and the insuree as to a cancellation of the policies and a reinsurance without the tornado policy, such negotiations resulting in the agent's informing the insured that the note could be paid at any time within a week within which time the fire occurred.

D. H. SMITH FOR APPELLANT.

1. The evidence showed the change of ownership.

2. The provision for forfeiture was a valid one.    Blackerby v. Continental Insurance Co., 83 Ky., 579.

3. There is no evidence showing that the company waived the forfeiture incurred by non-payment of the note. Sympson had no authority to make such a waiver, and if he did so it was without consideration.    The instructions should have conformed to this condition of the evidence.    Continental Ins. Co. v. Coons, 14 Ky. Law Rep., 136.

J. H. TWYMAN AND J. P. HOBSON FOR APPELLEES.

1. There was a waiver of the proofs of loss.  Phoenix Ins. Co. v. Spiers, &c., 87 Ky., 285; 2 Wood on Fire Insurance, 979-80.

2. The proof showed a waiver of the forfeiture by Sympson and Gaddie and that they were the duly authorized agents of the company for that purpose.  Wood on Insurance, p. 76; Lawson's Rights and Remedies, sec. 2073; Sims v. State Ins. Co., 47 Mo., 54; s. c. 4 Am. Rep., 311; Murray v. Home Benefit Life

Assn., 90 Cal., 402; s. c. 25 Am. S. Rep., 133; Ins. Co. v. Norton, 96 U. S., 234; Titus v. Glens Falls Ins. Co., 81 N. Y., 410; Phoenix Ins. Co. v. Tomlinson, 21 Am. St. Reps., 203 and note 211; Viele v. Germania Ins. Co., 96 Am. Dec., 83 and note. Blackerby v. Con. Ins. Co., 83 Ky., 574; Jones y. Life Assn. of America, 83 Ky., 75; Amer. Mut. Aid Society v. Quire, 8 Ky. Law Rep., 101.

D. H. SMITH FOR APPELLANT IN A PETITION FOR A REHEARING.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Appellant seeks to avoid liability under the insurance policy sued on by appellee, on the grounds—First, that the proof of loss had not been furnished, as required by the terms of the policy; second, that there was a change in the title and possession of the insured premises; and, third, that the loss occurred while appellees were in default in the payment of the premium note due several months before the fire.

It is clear, as substantially admitted by counsel for appellant, that the first defense was waived by the prompt denial of liability on the part of the company when informed of the loss. Nor is there any merit in the second defense, there being no proof whatever of any change in the title or possession of the premises. The proof is to the contrary. It is admitted that the premium note due on December 1, 1894, was still unpaid in March, 1895, when the fire occurred. Briefly, the appellees' excuse for nonpayment is that, when the premium became due, one of their number, who were joint owners, was about to become the owner of the entire property, and, not desiring to continue the policy in connection with the tornado policy, which had been taken at the same time in the same company, he wrote the company advising it of the contemplated change of ownership, and asking for terms on which he could have a cancellation of the tor-

Home Insurance Company of New York v. Mears, &c.

nado policy and a renewal or continuance of the fire policy. The premium note due in December was for future or unearned insurance, and included the premium of the tornado policy. After some correspondence, the company finally wrote him, in substance, that, upon change of ownership, the proper indorsements might be made on the policies, but that, if the tornado policy was to be canceled, the company would be "entitled to short rates and expense of writing the risk." It concluded its letter with these words: "We have referred this matter to our solicitors, Messrs. Sympson & Gaddie, asking them to call upon you and have it satisfactorily arranged." Sympson did call upon appellee, E. J. Mears, who had conducted the correspondence, and, after explaining what was meant by "short rates," etc., Mears agreed to let the policies stand as they were. He was at work in a field, and he testifies that he asked Sympson about paying the notes, and the latter told him to send the money to the company. He then asked him, "When?" and Sympson answered, "Any time within a week would do.". The property burned within less than a week after this, and, in fact, on the day appellee had intended sending the money. It is made clear by the proof that the letter of the company induced the appellee to await the visit of the agents, Sympson & Gaddie, who were authorized to arrange the matter of continuance or cancellation of the policies. But for the delay of this visit, the money would have been sent before the loss occurred. Under these circumstances, we think the company liable. Its conduct in extending the time of payment for a week from the conference between Sympson and Mears, and in writing the letter referring the matter in controversy to its local agents for adjustment, who were to call on the insured, is wholly inconsistent with an

intention to insist on a forfeiture of the policy for non-payment of the premium note, and is altogether consistent with the intention to waive the stipulation as to forfeiture. The proceedings on the trial were in accordance with these views of the law, and the judgment is affirmed. (See Moreland v. Union Central Life Insurance Co., 20 Ky. L. R.. 432; [46 S. W. 516] ).