CASE 25—ACTION BY L. Y. BROWNING AGAINST THE CONTINENTAL INSURANCE COMPANY OF NEW YORK ON A POLICY OF FIRE INSURANCE.—DEC. 2.

# Continental Insurance Co. of New York v. Browning.

### APPEAL FROM SHELBY CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  AFFIRMED.

FIRE INSURANCE—FORFEITURE—DEFAULT IN PAYING PREMIUM—ESTOPPEL.

1. By the terms of a fire insurance policy, it was stipulated that the company should not be liable for any loss occurring while any part of the premiums was due and unpaid. The policy was a renewal of a similar policy, upon which the insured had been allowed to run over a few days in his payments, and at the time of the issuance of the new policy, the company's agent assured the insured that the company would see that the policy was kept alive if the premium was not paid for a few days after due. The note given for the first installment was held up a few days in pursuance of such agreement. In reliance on the promise, the insured did not leave his sick wife to pay a later premium when due, and two days later the house burned. Held, that the company was estopped from insisting on the forfeiture.

CLARENCE DALLAM, FOR APPELLANT.
WILLIS & WILLIS, FOR APPELLEE.
    (No briefs.)

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellant issued to L. Y. Browning, on March 17, 1898, a policy insuring, among other things, his dwelling house for five years, in consideration of $52, or $13 a year. For the first installment a note was taken, due April 1, 1898, and for the other installments notes were given payable March 1st of each year. The house burned on March 3, 1900. The note due March 1st had not been paid, and the

company relied on this fact to defeat liability on the policy. It was stipulated in each of the notes, in the written application, and in the policy, that if any installment of the premium was not paid when due, the company should not be liable for any loss that occurred while such installment, or any part of it, remained due and unpaid. In avoidance of this defense the plaintiff pleaded and proved that he had held a similar policy on the same property before the one in suit was issued, and that it was taken out in renewal of the former policy; that during the continuance of the former policy he was not required to pay his notes promptly, but was allowed to run over a few days; that, when the renewal was applied for and the notes given, it was agreed between him and the district agent with whom the contract was made that he need not worry about meeting his payments promptly, and that the company would see that his policy was kept alive if his payment was behind a few days. The note which he gave for the first installment was not paid promptly, but a few days after it was due. The agent testified that he carried this as a personal matter, but this does not appear to have been communicated to appellee, or to have been his understanding. The payment for 1899 was made in due time. When the payment for 1900 fell due, appellee's wife was sick, and he did not like to leave her, and, relying on the promise of appellant, did not go from his home in the country to make the payment on that day. Two days later, and before he had gone to pay the note, although he had the money to pay it, the house burned. This was on Sunday, and the company refused to take the money on Monday. On these facts the court instructed the jury that if appellant agreed to keep the policy alive, or to save any forfeiture for his failure to pay any installment of the premium at maturity,

they should find for appellee.  Under this instruction the
jury found for him, and the propriety of this instruction
is the only question that need be considered on the ap-
peal, for the evidence warranted the finding of the jury
under the instruction.

It is earnestly maintained by the appellant that the parol
agreement made between the appellee and the agent at
the time the contract was made was superseded by the
written contract, and that it is not competent to impeach
the writing by proof of a parol agreement as to the pay-
ment of premiums, contrary to its terms, made in the nego-
tiations between the parties resulting in the written con-
tract.   There are many cases sustaining this contention.
See 2 Joyce, Ins., secs. 1354-1356, and cases cited.  But,
while this is true, most of the cases are to the effect that
the court will lay hold of slight circumstances showing
that the insurer, by his subsequent conduct, has in fact
misled the insured, or induced him to understand that
prompt payment was not required to keep his policy alive;
and in Blackerby v. Ins. Co., 83 Ky., 574, 7 R., 633, which was
a suit on a policy just like the one before us, issued by ap-
pellant, the court said that the policy will not be regarded
as forfeited if "the insured can show some reasonable ex-
cuse for nonpayment of the premium, based upon the con-
duct of the insurer."  This rule has been followed in many
subsequent cases.   See Insurance Co. v. Mears, 105 Ky.,
523 (20 R., 1217), (49 S. W., 31); Mudd v. Insurance Co. (22
R., 308), 53 S. W., 977, and cases cited.  The reason of the
rule is that the prompt payment of the money may be
waived by the creditor, and if he, by his words or conduct,
has led the debtor to believe that prompt payment is not
required, he can not be allowed to insist on a forfeiture of
the policy for a default in payment which he himself in-

duced the debtor to make. In the case before us the company, by its course of business under the original policy, had led the assured to believe that prompt payment was not required to keep his policy alive, and when a renewal was had, he was, in terms, assured of this, and, after the new policy was issued, the agreement so made was carried out, and the note maturing April 1st was held up a few days, pursuant to the agreement. This was sufficient to entitle appellee to understand that the agreement would be similarly kept as to the installments subsequently maturing, and, as there was no notice to appellee of a change of purpose on its part, appellant can not be allowed to insist on a forfeiture of the policy when its own conduct and assurances warranted appellee in the course he followed. Dunn v. Insurance Co., 69 N. H., 224, 39 Atl., 1075; Alexander v. Insurance Co., 67 Wis., 422, 30 N. W., 727, 58 Am. Rep., 869.

Judgment affirmed.