Case 96.—ACTION BY W. E. MATTINGLY AGAINST THE SPRINGFIELD FIRE AND MARINE INS. CO.—December 8, 1904.

## Mattingly v. Springfield Fire and Marine Ins. Co.

Appeal from Marion Circuit Court.

CHAS. PATTESON, Circuit Judge.

Judgment for defendant. Plantiff appeals. Reversed.

Insurance—Statute of Frauds—Policy—Oral Modification—Interest of Insured — Conditions — Waiver — Collateral Security—Proceeds of Loss—Accounting.

1. Insurance—Statute of Frauds—A contract of insurance is not within the statute of frauds.
2. Policy—Oral Modification—A contract of inusrance may be modified by a subsequent parol agreement, though it pro-

Mattingly v. Springfield Fire and Marine Ins. Co.

~vides that no subsequent agreement shall be valid unless in writing, and indorsed on the policy.

3. Interest of Insured—Conditions—Waiver—Plaintiff, before selling certain real estate, on which he held a policy which provided that it should be void if insured's interest was other than unconditional and sole ownership, went to insurer's agent, who issued the policy, and obtained his consent to plaintiff's retaining the policy as security for the unpaid purchase money, and, after the transfer had been made, plaintiff again went to the agent, and told him what had been done, when the agent then consented to plaintiff's holding the policy as security. Held—That such acts establish a waiver of the condition specified.

4. Collateral Security—Proceeds of Loss—Accounting—Where insured, on transferring his property, retained the insurance policy as collateral security for the unpaid part of the price, plaintiff, on collecting the amount of a loss under the policy, was bound to credit the amount received on the price.

LAFE S. PENCE and J. T. FORD for appellant.

## POINTS AND AUTHORITIES.

1. The company knowingly waived; retained with assent; itself waived all conditions for 22 months; waived all forfeiture. (87 Ky., 285; 84 Ky., 147; 70 Iowa, 238; 135 Ala., 259; 106 Ky., 815.)

2. Under the statute this corporation "collected and received" full premiums off plaintiff on total loss by fire to building; must pay full policy liability to its policy holder, the plaintiff. (Ky. Stats., sec. 700; 101 Ky., 412; 67 S. W. Rep., 23, late Kentucky case.)

3. A mortgagee with $4,000 lien debt unpaid at time of loss can recover to amount of his unpaid lien debt. (Royal Ins. Co. v. Stinson, 103 U. S., 25; 32 Md., 421; 7 Cush. (Mass.), 1; 54 Am. Dec., 683; 97 Ky., 474.)

4. Waiver of conditions. (87 Ky., 285, 531; 108 Ky., 815; 16 Ky. Law Rep., 346; 98 Ky., 305; 87 Ky., 125; 85 Ky., 304.)

5. Appellant's right to recover without regard to value of property remaining after loss, and without foreclosure proceedings. (103 U. S., 25; Ins. Co. v. Stinson; May on Ins. (4 Ed.), vol. 2, pp. 993, 994.)

RIVES & SPAULDING for appellee.

1. Insurance is a personal contract. It does not run with land in the case of real estate, and the contract, unless it be assigned to the purchaser with the consent of the insured, is at an end,

and no suit can be obtained on it, neither by the purchaser nor vendor.

2. The assent pleaded was ; executory. Mattingly found the agent willing to make the endorsement of transfer, but never presented the policy to have it actually made.

3. Where there has been no policy issued to a lien holder, and no express agreement incapable of other construction, it can not be assumed that the insurance company has waived the conditions of its policy issued to the absolute owner. .We submit the demurrer to the petition was properly sustained. (Civil Code, sec. 109, sub-sec. 1; Ky. Stats., sec. 700; Caledonian Ins. Co. v. Cooke, 19 Ky. Law Rep., 653; Shawe v. Felton, 2 East., 109; McKinney v. Western Assurance Co. of Toronto, 97 Ky., 474.)

OPINION BY JUDGE HOBSON—Reversing.

On November 8, 1900, appellee issued to W. E. Mattingly a policy insuring his dwelling house in the sum of $500 for three years, he then paying the entire premium of $12.50 in advance. The policy, among other things, contained the following stipulations: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; * * * or if any change other than by death of the insured, take place in the interest, title or possession of the subject of insurance, except change of occupants without increase of hazard, whether by legal process or judgment, or by voluntary act of the insured, or otherwise. * * * This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this

policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.''

Some time after the issual of the policy Mattingly sold and conveyed the farm and dwelling house thereon to one C. C. Reynierson, retaining a lien on the property for $4,000 of the purchase money. About a year after this conveyance was made, and while the policy was still unexpired, the house burned down, and Mattingly instituted this suit against the insurance company to recover for the loss. In order to avoid the effect of the stipulations of the policy above set out, he averred the following facts: Pending the negotiations between him and Reynierson, and before any transfer or change was made, for the express purpose of preventing any forfeiture or any contention in that regard, and in order to continue the policy in force, the plaintiff went in person to the defendant's agent who had issued the policy, and informed him of the negotiations pending between him and Reynierson, but not consummated, and asked him that if, in the event of a sale and transfer of the property, he retaining a lien for the unpaid purchase money, $4,000, whether or not he could still retain the policy on the house as collateral security for the deferred payments of purchase money. The agent assented that this might be done, and that the policy would not be forfeited. After this assent was given, the plaintiff, relying thereon, conveyed the property to Reynierson, retaining a

lien for $4,000, and then informed the agent of what he had done, and asked him to note on the books of the company that in consideration of the unearned premium the policy should stand and remain in force as collateral security of the plaintiff as lienholder until the expiration of the policy. The agent then and there assented to this, and the company retained the unearned premium with notice of the transfer, and with notice that the plaintiff's interest in the property was a lienholder, and, as he pleaded, by its conduct is estopped from relying on any forfeiture of the policy because of the change of the title, as the plaintiff had acted upon the assurances of the agent, and had been led to believe by him that his policy would stand good to secure him as lienholder. The court sustained a demurrer to the petition, and the plaintiff failing to plead further dismissed it.

The only question on the appeal is as to the sufficiency of the facts alleged to show a waiver of the conditions of the policy above quoted. A contract of insurance is not within the statute of frauds. It may be oral, as well as in writing, and, although it is in writing, like any other contract, it may be modified by a subsequent agreement between the parties. The fact that the contract provides that no subsequent agreement shall be valid unless in writing and indorsed on the policy does not change the rule, for this part of the contract stands like any other part of it, and may be changed by a subsequent parol agreement, just as any other provision of the contract may be subsequently modified.

In Bell v. Offutt, 73 Ky., 632, the parties made a verbal contract, and agreed that it should thereafter be reduced to writing, which they failed to do. It was held that, if the contract was made, it was not invalid because not subsequently reduced to writing.

according to the agreement, and that the validity of the contract did not depend upon the understanding of either of the parties as to whether it was to be only obligatory when reduced to writing.

In Phoenix Ins. Co. v. Spiers, 87 Ky., 285, 10 Ky. Law Rep., 254, 8 S. W., 453, the policy provided, as here, that it could not be changed by any subsequent agreement unless in writing indorsed upon the policy; but this court held the subsequent contract valid. It said. "The contract of insurance may be by parol. It is not within the statute of frauds. Such a contract, although in writing, may be changed by parol, even though it provide that it shall only be done by writing, because men can not so tie their wills as not to be able thereafter to do by consent what the law allows."

This is in accord with the general current of authority. Thus, in 1 Wood on Fire Ins., sec. 10, it is said: "A contract of insurance may be changed by parol or by indorsement upon the policy, and the parties thereto may thus be changed, or the subject-matter of the risk; and such change effected by any person whom the company places in a position of apparent authority will prima facie be binding upon it as an agent authorized to make contracts of insurance, a clerk or person acting as secretary in the office of the company, or any person whom the company permits to act for it in such a manner as to indicate authority to act in such respects." Again, in section 525, is the following: "When the insurer, knowing the facts, does that which is inconsistent with its intention to insist upon a strict compliance with the conditions precedent of the contract, it is treated as having waived their performance, and the assured may recover without proving performance, and that, too, even though the policy provides that

none of its conditions shall be waived except by written agreement." (13 Am. & Eng. Ency. of Law, 318.)

The rule is that, where an insurance company has by its assurances or conduct led the insured to believe that a forfeiture of his policy will not be insisted upon, and he has been in fact induced by it to act upon this understanding, the company will not be allowed to set up the forfeiture of the policy, and thus to defeat a recovery upon the policy by reason of the failure of the assured to do something which the company itself induced him not to do. (Continental Ins. Co. v. Browning, 114 Ky., 183, 70 S. W., 660, 24 Ky. Law Rep., 992; Walls v. Home Ins. Co., 114 Ky., 611, 71 S. W., 650, 24 Ky. Law Rep., 1452; Ins. Co. v. Eggleston, 96 U. S., 573, 24 L. Ed., 841, and cases cited.)

In the case before us the insured went to the agent who issued the policy before he made the trade with Reynierson, and obtained his consent to the plaintiff's retaining the policy as a security for his unpaid purchase money, and after he had made the deed to Reynierson he again went to the agent, and told him what he had done, and the agent again agreed that the policy should remain in force for his protection. The defense is purely a technical one, for plaintiff's interest in the property was eight times as great as the amount of the insurance on the house, and, if the agent had not misled him, he could have protected himself by conforming to the conditions of the policy. The rule in cases of this sort is that if the agent, when approached, simply tells the assured to bring in the policy, and he will make the indorsement, there is no waiver of the condition, but if he says "it is all right," or makes use of any expression indicating satisfaction with the change without requiring com-

pliance on the part of the assured with the terms of the policy, a waiver is established.    (2 Wood on Fire Insurance, p. 1155.)    If the rule were otherwise, an insurance company could mislead the insured, and thus induce him to believe that his rights were fully protected, until after a loss, and then, having thus prevented him from protecting himself by having indorsements made on the policy, defeat a recovery because the insured accepted as true the representations which the company made.    In insurance, as well as in other things, the law requires good faith; and where a person knows that the conduct of another is to be based upon what he tells him to do he will not, when his direction has been acted upon, be allowed to set up to the prejudice of the other person that something else ought to have been done which he had led the person to understand was unnecessary.

It is insisted for appellee that the judgment of the circuit court is right, because, if appellant may recover in this action, he may still recover his $4,000 from Reynierson, and that he will thus get $500 more than is due him.    But this is not true.    The insurance policy is only collateral for the security of the payment of the unpaid purchase money.    What is collected on the collateral must be credited on the notes for the purchase money just as in the case of any other collateral held for the security of a debt. The insurance policy represents the house.    The house being destroyed by fire, appellant may look to both the policy and the land for his money.    He retained the policy, instead of turning it over to Reynierson in the trade simply to protect him in his purchase money.    His other security, the lien on the land, has been reduced to the extent of the value of the house, which was burned, and when he collects the insurance money he will have received that much

of his purchase money. The arrangement was made with the assent of the company, and, while it is different in form from the usual arrangement, it does not entitle the plaintiff to anything more than he would have been entitled to if there had been indorsed on the policy by consent of all three of the parties a statement that the company consented to the conveyance to Reynierson, and that the policy should be held as collateral for the purchase money notes; and in this event the company would be bound to pay plaintiff the amount of the policy, and after he had collected this much from the company he would only be entitled to look to Reynierson for the balance of his debt, less the cost of collecting the collateral.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the petition.