No. 19,191.

EMMA G. GARDNER, *Appellant*, v. THE INTER-OCEAN LIFE AND CASUALTY COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

ACCIDENT INSURANCE—*Default in Payment of Premium—Mistake in Wording of Receipt—No Waiver*. The annual premium on an accident policy was paid to the local treasurer of the company authorized to collect and give receipts for premiums, who gave the insured a receipt for the amount, reciting that it was the premium "for the month" ending August 30, 1911. The payment in fact was for the year ending July 30, 1911, a mistake being made in writing August, instead of July. The accidental death of the insured occurred on August 16, 1911, within the time covered by the language of the receipt but beyond the time for which the payment had been made, and the insured was in fact in default at the date of his death, for which default the policy by its terms had lapsed. It is held that the delivery of the receipt containing the mistaken recital without evidence that the insured was in any manner misled does not estop the insurer from asserting the forfeiture

Gardner v. Casualty Co.

provided for in the policy and should not be construed as a waiver, new agreement, or extension of time of payment.

Appeal from Clay district court; SAM KIMBLE, judge. Opinion filed January 9, 1915. Affirmed.

*James V. Humphrey,* of Junction City, for the appellant.

*C. Vincent Jones,* of Clay Center, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The plaintiff appeals from a judgment denying a recovery sought by her as beneficiary in an accident policy issued to Ira S. Gardner, her son, by a casualty company whose liabilities had been assumed by the defendant.

The only question for decision is whether the policy had lapsed before Gardner's death for failure to pay a premium as provided in the policy, and is presented here upon the conclusions of fact and law of the district court. No transcript of the evidence was made.

The policy provided for the payment of an annual premium of $12 and for a lapse on failure to pay a premium when due.

The payment of a premium of $12, the amount which the policy provided should be paid annually, was due on August 1, 1910. On August 8 the insured paid that amount to a local agent authorized to collect premiums and issue receipts therefor, and took a receipt signed by the agent in the following form:

"By an Authorized Collector.
WOODMEN'S CASUALTY COMPANY,
Springfield, Illinois.
7-30-1910.
"Received of Ira S. Gardner $12.00, premium for the month ending Aug. 30, 1911.
Policy No. . . . . . . .	W. D. STARLING, *Treas.*
"This receipt shall not be construed as a reinstatement of the insured until a health certificate has been furnished and approved by the secretary."

In issuing the receipt a mistake was made in writing the word "August" instead of "July." In the following spring Mr. Gardner delivered the policy to his mother, and went to Colorado, taking the receipt with him. He was killed on August 16, 1911, by an accident covered by the terms of the policy. The premium due for the year commencing August 1, 1911, was not paid.

The plaintiff concedes that the policy had lapsed unless, because of waiver or estoppel, the payment of the 1911 premium should be considered as extending the time to August 30 of that year as recited in the receipt. This narrows the inquiry to the effect of that instrument. It will be observed that there is no question of custom in receiving overdue payments such as was considered in *Life Ins. Co. v. Twining,* 19 Kan. 349; *Benefit Association v. Wood,* 78 Kan. 812, 98 Pac. 219, and other decisions of this court. Neither is the effect of receiving and retaining a payment after default involved in this inquiry. Conceding that the local treasurer was authorized to receive the payment for the year ending July 30, at the time it was paid, did his mistake in reciting in the receipt that it was for the year ending August 30 operate as a waiver of the time of payment specified in the contract, or as an estoppel against an assertion of a forfeiture? The plaintiff quotes upon the question of waiver as follows:

"The reason of the rule is that the prompt payment of the money may be waived by the creditor, and if he, by his words or conduct, has led the debtor to believe that prompt payment is not required, he can not be allowed to insist on a forfeiture of the policy for a default in payment which he himself induced the debtor to make." (*Continental Insurance Co. of New York v. Browning,* 114 Ky. 183, 185, 70 S. W. 660.)

In connection with the same proposition a quotation is also made from the opinion in *Insurance Co. v. Eggleston,* 96 U. S. 572, in which the following language appears:

"Courts are always prompt to seize hold of any circumstances that indicate an election to waive a for-

Gardner v. Casualty Co.

feiture, or an agreement to do so on which the party has relied and acted. Any agreement, declaration or course of action, on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract." (p. 577.)

The facts of this case do not warrant the application of the foregoing principles. It does not appear by the findings or just inference from them that the defendant by the mistake of its agent or otherwise induced the insured to believe that the policy would not lapse at the stipulated time. In *Surety Co. v. Bragg*, 63 Kan. 291, 65 Pac. 272, cited by the defendant, it was held, upon facts not necessary to state here, that:

"The insurance company can not be heard to assert a forfeiture after a liability has arisen on the policy, when, by its course of dealing, it has induced the insured to believe that the premium was paid." (Syl. ¶ 2.)

Following the rule above quoted the plaintiff's case falls short because there was no custom, course of dealing, or other conduct of the company or its officers by which the insured could have been warranted in believing that his premium had been paid beyond the time plainly specified in the policy, which was a constant notice of the date and time covered by the payment. In order to bring the plaintiff's case within the principle of estoppel as decided in the cases mainly relied on, it would be necessary to presume that the insured was misled by the mistake and honestly relied upon the date so written in the receipt. The district court did not so presume, and neither should this court from the facts found. It is true that upon the principle of waiver it is not always necessary that the insured should be misled in order to avoid the forfeiture. Thus where the insurer receives and retains a premium with knowledge of the default for which a lapse might

be claimed, a waiver may be found, as decided in *Modern Woodmen v. Breckenridge,* 75 Kan. 373, 89 Pac. 661, and *United Workmen v. Smith,* 76 Kan. 509 92 Pac. 710. In such a situation the result does not depend so much on what the insured does or omits to do as upon what was done or omitted by the insurer. (*Equitable Life Assurance Society of U. S. v. Ellis,* 105 Tex. 526, 147 S. W. 1152.)

It can not be held that the delivery of the receipt operated as a relinquishment of the proportional part of the premium for one month, nor as an extension of the time, or to fix another time for payment. If it should be conceded that the local treasurer could bind the company by such an agreement, none was made; the receipt was neither given nor accepted for that purpose, nor with that intention or. understanding. It was simply a mistake which in the absence of any other evidence should not be construed as modifying the contract or making a new one.

The judgment is affirmed.