John M. TRUMBO, et al., Appellants,

v.

Joe PARSLEY, et al., Appellees.

Court of Appeals of Kentucky.

Dec. 11, 1970.

Joe T. Roberts, Luker, Luker & Roberts, London, for appellants.

Gordon H. Eversole, Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, for appellees.

PALMORE, Judge.

This suit was filed by the appellants on December 30, 1966. Their appeal is from a judgment entered on March 4, 1969, dismissing the complaint for want of prosecution. CR 41.02. The question is whether the trial court abused its discretion. The chronology of events was as follows:

*December 30, 1966.* Complaint filed, alleging that plaintiffs were the owners and in possession of a 500-acre tract of land in Laurel County, that a condemnation award had been made in the county court, that the defendants were making some sort of claim to it, and that their claim was unfounded and cast a cloud on the plaintiffs' title. Plaintiffs demanded that their title be quieted and the money paid into the county court be withheld from distribution pending a determination of the proper owners.

*January 17, 1967.* Motion to dismiss filed and served by defendants.

*January 18–19, 1967.* Separate answer, counterclaim and cross-claim served and filed by defendants Parsley and Hensley, admitting they claimed a portion of the land in question, asserting plaintiffs' failure to join an indispensable party, and demanding that their title be quieted.

*January 19–20, 1967.* Plaintiffs filed and served their reply to the counterclaim.

*January 30–31, 1967.* Defendants Eversole, Hensley and Swanner and non-party Fred V. Lucas filed and served a "separate answer and defense" to the complaint, pleading among other things the statute of limitations [KRS 413.030(2)], setting up their own claims to the land in question, alleging that plaintiffs had slandered and cast a cloud upon them, and demanding that their title be quieted and that they be awarded $1,000 each in damages against plaintiffs.

*February 20, 1968.* Defendants Swanner, Hensley, Lucas and Eversole served notice on plaintiffs and defendant Parsley that on March 5, 1968, they would move the trial court to dismiss the action for failure of the plaintiffs to prosecute it.

*March 5, 1968.* The trial court entered an order directing that the motion to dismiss be heard on March 12, 1968.

*March 6–7, 1968.* Defendants Parsley and Hensley served notice that on March 12, 1968, they would bring on for hearing a motion that "this cause of action" be dismissed for plaintiffs' failure to prosecute it.

*January 9–10, 1969.* Defendants Parsley and Hensley served another motion to dismiss "this cause of action" and a notice that they would bring it on for hearing on February 4, 1969.

*January 10–11, 1969.* Plaintiffs served and filed a response and supporting affidavit of counsel stating that on March 6, 1968, counsel had advised the plaintiff Trumbo by letter that a motion to dismiss had been filed and that he should employ a surveyor to survey the land in dispute; that the plaintiff Feltner had theretofore informed counsel that he had contacted a surveyor by the name of Cannon to do the job; that counsel had thereafter discussed the matter with Cannon and Cannon had told him he would do it as soon as possible; that after the latest motion for dismissal Cannon had reported to counsel that there were so many markings on the trees that it would be difficult to survey the area and would require a lot of time; that because the plaintiffs Trumbo, Feltner and Medoris resided in Finchville, Versailles and Carrollton, respectively, and Cannon lived in Corbin, together with the fact that Cannon had been doing some survey work for the state highway department, it had been difficult for the plaintiffs to keep in touch with Cannon.

*February 12, 1969.* Defendants notified plaintiffs that on March 4, 1969, they would present to the trial court a final order dismissing the action with prejudice.

*March 4, 1969.* The trial court entered an order and judgment sustaining the motion and dismissing "this cause of action" with prejudice at the plaintiffs' cost.

Our recent decisions on the subject of dismissal for want of prosecution are discussed in Gill v. Gill, Ky., 455 S.W.2d 545 (1970), in which it is pointed out that each case "must be considered in the light of the particular circumstances involved." We are unable to say that the trial court abused its discretion in this instance. Noting, however, that the judgment from which the appeal is taken failed to dispose of the counterclaim and cross-claim and thus under CR 54.02 is not a final and appealable order, it is necessary that we dismiss the appeal on our own motion instead of affirming the judgment.

Appeal dismissed.

All concur.