**MIDWEST MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Nicholas WIREMAN and Keith Bailey, Appellees.**

**No. 2000–CA–002063–MR.**

Court of Appeals of Kentucky.

Aug. 24, 2001.

---

Todd S. Page, Perry M. Bentley, Stoll, Keenon & Park, LLP, Lexington, KY, Attorneys for Appellant.

John C. Collins, Collins, Allen & McFarland, Salyersville, KY, Attorney for Appellee Nicholas Wireman.

William G. Francis, Francis, Kendrick & Francis, Prestonsburg, KY, Attorney for Appellee Keith Bailey.

Before HUDDLESTON, KNOPF and TACKETT, Judges.

*OPINION*

HUDDLESTON, Judge:

Midwest Mutual Insurance Company appeals from an order denying its motion to dismiss and motion for summary judgment in an action filed against Midwest by Nicholas Wireman and Keith Bailey.

The motion that the circuit court denied was styled as a motion to dismiss for lack of prosecution,[1] or in the alternative, for summary judgment[2] in favor of Midwest.

---

1. *See* Ky. R. Civ. P. (CR) 41.02.

2. *See* CR 56.02.

■ Involuntary dismissal pursuant to Kentucky Rule of Civil Procedure (CR) 41.02 "is subject to the sound discretion of the trial judge."[3] Midwest does not argue on appeal that the circuit court abused its discretion in denying its motion to dismiss for lack of prosecution.

■ In addressing Midwest's motion for summary judgment, the circuit court simply stated that the matter before the court would be set for a jury trial upon proper motion of the parties. Generally, such an order is not subject to review by this Court. "The general rule under CR 56.03 is that a denial of a motion for summary judgment is, first, not appealable because of its interlocutory nature and, second, is not reviewable on appeal from a final judgment where the question is whether there exists a genuine issue of material fact."[4] The denial of a motion for summary judgment "can in no sense prejudice the substantive rights of the party making the motion since he still has the right to establish the merits of his motion upon the trial of the cause."[5]

■ However, an exception to this general rule exists. The exception applies if the facts are not in dispute, the only basis of the ruling is a matter of law, the court denied the motion for summary judgment, entered a final judgment, and the moving party takes an appeal therefrom.[6]

On May 21, 2001, we issued a show cause order to determine whether we should dismiss this appeal as premature. Midwest filed a show cause brief; Wireman and Bailey did not. Having considered the arguments made by Midwest in response to the show cause order, we have decided that the exception to the general rule applies in the case under consideration and we will address the arguments made on appeal.

The circuit court made "findings of fact," which for purposes of this appeal, we accept as correct.[7] On May 22, 1995, Wireman was a passenger on a motorcycle that Bailey was driving. While traveling on Kentucky Route 7 in Magoffin County, Bailey and Barry Collins, Jr., negligently allowed their vehicles to collide.

Collins was uninsured; Bailey had in force a policy of insurance with Midwest. Because Collins was uninsured, Wireman made a claim against Midwest for uninsured motorist benefits. Midwest denied uninsured motorist coverage contending that Bailey, who was a minor[8] when he signed the insurance application, had rejected uninsured motorist coverage.

Wireman asserted that before Bailey rejected uninsured motorist coverage no Midwest employee or agent advised Bailey of what uninsured motorist coverage was or meant. Wireman also alleged that no Midwest employee explained to Bailey the

---

3. *Ward v. Housman*, Ky.App., 809 S.W.2d 717, 720 (1991). *See also Jenkins v. City of Lexington*, Ky., 528 S.W.2d 729 (1975); *Trumbo v. Parsley*, Ky., 461 S.W.2d 67 (1970); *Nall v. Woolfolk*, Ky., 451 S.W.2d 389 (1970).

4. *Transportation Cabinet v. Leneave*, Ky.App., 751 S.W.2d 36, 37 (1988), *citing Bell v. Harmon*, Ky., 284 S.W.2d 812 (1955).

5. *Ford Motor Credit Co. v. Hall*, Ky.App., 879 S.W.2d 487, 489 (1994), *citing Bell, supra* n. 4, at 814.

6. *See Gumm v. Combs*, Ky., 302 S.W.2d 616 (1957); *Ford Motor Credit Co. v. Hall, supra*, n. 5.

7. CR 52.01. The essential facts are undisputed.

8. Bailey was under the age of eighteen when he obtained the policy with Midwest.

meaning or effect of rejection of uninsured motorist coverage.

The circuit court concluded that Midwest had failed to comply with Kentucky Revised Statute (KRS) 304.20–020 and KRS 371.010(2). The court held that Bailey could not be held to the terms of the contract concerning rejection of uninsured motorist coverage because he was a minor when the contract was made. Additionally, the court held that there was evidence to suggest that Midwest had not explained uninsured motorist coverage and Kentucky no-fault benefits to Bailey.

The circuit court's position was that Midwest may have either induced Bailey to sign the insurance contract without Bailey having read it or had not explained it to Bailey.[9] The court concluded that evidence existed to support the theory that Bailey had relied on Midwest when signing the contract and that Bailey's signing of the contract did not reflect his true intentions with respect to coverage. Therefore, the court concluded, the issue of whether uninsured motorist coverage was available was a question for the jury.

Midwest makes three arguments on appeal: (1) that KRS 304.14–070, and not KRS 371.010(2), is controlling with respect to the question of whether Bailey, despite his age, could procure coverage and waive uninsured motorist coverage; (2) that Bailey expressly waived uninsured motorist coverage and is, therefore, not permitted, when he renewed the policy previously

issued to him, to introduce parol evidence to avoid the effect of his waiver; and (3) that Bailey is not entitled to basic reparations benefits.

*Standard of Review*

Summary judgment is only proper "where the movant shows that the adverse party could not prevail under any circumstances."[10] However, "a party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial."[11] The circuit court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor."[12] "The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists."[13]

This Court has said that the standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." "There is no requirement that the appellate court defer to the trial court since factual findings are not at issue."[14]

*Applicability of KRS 371.010(2)*

KRS 371.010(2), which is part of the Statute of Frauds, provides that "[n]o action shall be brought to charge any per-

---

9. The basis for this defense was found in an affidavit filed by Bailey in which he stated that he was a minor at the time he executed the rejection of uninsured motorist coverage and that this coverage was not explained to him. Bailey also averred that the implications of rejecting no-fault benefits were not explained to him.

10. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 480 (1991), *reaf-*

*firming Paintsville Hospital v. Rose*, Ky., 683 S.W.2d 255 (1985).

11. *Hubble v. Johnson*, Ky., 841 S.W.2d 169, 171 (1992).

12. *Steelvest, supra*, n. 10.

13. *Id.*

14. *Scifres v. Kraft*, Ky.App., 916 S.W.2d 779, 781 (1996) (citations omitted).

son ... [u]pon any promise to pay a debt contracted during infancy, or any ratification of a contract or promise made during infancy[.]" However, application of KRS 371.010 to insurance contracts has long been held to be inappropriate.[15] Additionally, even if the Statute of Frauds were applicable to insurance contracts, it applies to actions, not to defenses.[16]

We agree with Midwest that KRS 304.14–070 is controlling on the question of whether Bailey, as a minor, can be held to the terms of an insurance contract. KRS 304.14–070 provides that:

> Any minor not less than fifteen (15) years of age may, notwithstanding his minority, contract for or own annuities, or insurance upon his own life, body, health, property, liabilities, or other interests, or on the person of another in whom the minor has an insurable interest. Such a minor shall, notwithstanding such minority, be deemed competent to exercise all rights and powers with respect to or under ... [a]ny contract such minor effected upon his own property, liabilities, or other interests[.] [17]

■ No evidence in the record suggests that Bailey was less than fifteen years-old.[18] Therefore, Bailey was, as a matter of law, competent to exercise his rights to enter into an insurance contract and to waive any coverage.

### *Waiver of Uninsured Motorist Coverage Upon Renewal*

The question presented here is whether an insured can rely on parol evidence to avoid the effect of a waiver in an application for insurance when the insurance policy is subsequently renewed.

An "insured shall have the right to reject in writing [uninsured motorist] coverage[.]" [19] Additionally, "unless the named insured requests [uninsured motorist] coverage in writing, [uninsured motorist] coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer." [20]

Bailey elected to waive, in writing, his right to uninsured motorist coverage when he applied for liability insurance with Midwest on September 21, 1993. When Bailey renewed coverage, with an effective date from April 1, 1995, through April 1, 1996, he did not request that Midwest provide uninsured motorist coverage. Under these circumstances, neither Bailey nor Wireman is entitled to the benefits provided by uninsured motorist coverage.

■ The circuit court focused on Bailey's allegation that Midwest never explained the meaning of uninsured motorist coverage to him. However, Bailey did sign the application for liability insurance and the rejection of uninsured motorist coverage. The rejection of uninsured motorist coverage section of the application that Bailey signed recites that: "I understand Uninsured Motorist Coverage and I do not desire it on this policy." It is

**15.** See *Mattingly v. Springfield Fire & Marine Ins. Co.,* 120 Ky. 768, 83 S.W. 577 (1904); *Fidelity & Cas. Co. v. Ballard & Ballard Co.,* 105 Ky. 253, 48 S.W. 1074 (1899).

**16.** See *Drake v. Rowe,* 162 Ky. 646, 172 S.W. 1068 (1915).

**17.** KRS 304.14–070(2)(b).

**18.** The application and waivers of coverage were signed on September 21, 1993. Bailey was, according to the Kentucky no-fault rejection form in the record, born on December 23, 1976.

**19.** KRS 304.20–020(1).

**20.** *Id.*

182

axiomatic that all persons are presumed to know the law.[21] Furthermore, the mere lack of knowledge of the contents of a written contract for insurance cannot serve as a legal basis for avoiding its provisions.[22] The circuit court's reliance on Bailey's allegation of ignorance was misplaced because Bailey could not rely on parol evidence to avoid the effect of his waiver of uninsured motorist coverage.

### Basic Reparations Benefits

In a cross-claim filed against Midwest, Bailey asserted a right to basic reparations benefits. The court permitted Bailey to proceed on his cross-claim for basic reparations benefits. In so doing, the court erred.

██ "[I]n this Commonwealth every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits, unless he has rejected the limitation upon his tort rights as provided in KRS 304.39–060(4)."[23] However,

> [n]otwithstanding [the right to basic reparation benefits recognized in KRS

304.39–030], no operator or passenger on a motorcycle is entitled to basic reparation benefits from any source for injuries arising out of the maintenance or use of such a motorcycle unless such reparation benefits have been purchased as optional coverage for the motorcycle or by the individual so injured.[24]

Here, Bailey rejected basic reparations benefits coverage[25] in writing.

Because Midwest was entitled to summary judgment as a matter of law, the order denying Midwest's motion for summary judgment is reversed and this case is remanded to Magoffin Circuit Court with directions to grant Midwest's motion for summary judgment.

ALL CONCUR.

---

**21.** See *Oppenheimer v. Commonwealth,* 305 Ky. 147, 202 S.W.2d 373, 375 (1947).

**22.** See *Grigsby v. Mt. Valley Ins. Agency, Inc.,* Ky., 795 S.W.2d 372, 374 (1990).

**23.** KRS 304.39–030(1).

**24.** KRS 304.39–040(4).

**25.** The form was entitled "Kentucky No–Fault Rejection Form." No-fault coverage is provided under KRS 304.39–040(1)("Basic reparation benefits shall be paid without regard to fault.").