Patricia MOORE and Polly Ann Rice, Appellants,

v.

GLOBE AMERICAN CASUALTY COMPANY, Appellee.

No. 2005–SC–000544–DG.

Supreme Court of Kentucky.

Dec. 21, 2006.

Warren A. Taylor, Hazard, Counsel for Appellants.

Karen G Chrisman, William D. Kirkland, McBrayer, McGinnis, Leslie & Kirkland, PLLC, Frankfort, J. Bradford Derifield, Frost, Brown, Todd, LLC, Lexington, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

In 1995, Ralph Morgan was involved in a head-on collision with a vehicle owned by Patricia Moore, Appellant. Polly Rice, the other Appellant, was a passenger in Moore's vehicle at the time of the accident. Neither Mr. Morgan, nor the owner of the vehicle he was driving, had insurance to cover the vehicle. Thereafter, the Appellants made claims for uninsured motorist (UM) benefits against Appellant Moore's automobile insurance carrier, Globe American Insurance Casualty Co., Appellee. Globe denied coverage because Appellant Moore had rejected UM motorist coverage in her insurance application.

The Appellants then sued Mr. Morgan, the owner of the vehicle Morgan was driving, the insurance agency who sold Moore's policy, and the Appellee. The trial court granted the Appellee summary judgment finding that Moore's rejection of UM coverage was binding. On appeal, the Court of Appeals affirmed, after which this Court granted discretionary review. We affirm the Court of Appeals' decision.

## FACTS

After the summary judgment, Moore and Rice filed a motion to alter, amend or vacate the findings of fact, conclusions of law and judgment of the trial court. In their motion, Moore and Rice asserted their entitlement to UM benefits on the basis that the insurance policy that Moore obtained from Globe did not follow the requirements of Kentucky law as it applies to UM coverage, and therefore, Moore should be found to have UM coverage as a matter of law. We disagree.

## ARGUMENT

### Rejection in the application

The Appellants' argue that the insurance application contained an improper explanation of UM coverage because UM coverage is mandatory and must be included in the basic minimum coverage package of each automobile insurance policy sold in Kentucky. Their argument is based on KRS 304.20–020(1), which requires insurers providing automobile liability or motor vehicle liability policies of insurance in Kentucky, to provide coverage for insured persons legally entitled to recover damages against uninsured motor vehicles. However, this statute also provides that the named insured shall have the right to reject UM coverage in writing.

In Moore's application, she rejected the UM coverage by checking the appropriate responses, as well as, not checking the applicable coverage box on the front of the application. Specifically, on page one of the application, she chose the coverage she needed and did not select UM or underinsured motorist (UIM) coverage. Then, on page two, she checked the block that stated, "I hereby reject both of the above coverages," denoting UM and UIM coverages. Thus, the trial court found Moore rejected the UM coverage, even though

she stated she never read her application and signed it after it was filled out by an employee of Globe's local agent.

■ In *Midwest Mutual Insurance Company v. Wireman,* 54 S.W.3d 177 (Ky. App.2001), the Court of Appeals held an insured can waive UM coverage by signing the application for liability coverage, even if the insured alleges the agent never explained the meaning of UM coverage to him. "All persons are presumed to know the law and the mere lack of knowledge of the contents of a written contract for insurance cannot serve as a legal basis for avoiding its provisions." *Id.* at 181–82.

Here, Moore signed the application rejecting the UM coverage. Since there was no genuine issue as to the facts, the trial court properly granted summary judgment to Globe. *See Steelvest v. Scansteel,* 807 S.W.2d 476 (Ky.1991).

Moore also contends that if Globe's application had been structured differently, she would have been less likely to reject the UM coverage. She further claims that the layout of the application was deceptive, leading a consumer to overlook the statutory importance of UM coverage. Thus, she now argues, this Court should rewrite her policy granting UM coverage, speculating that she would have purchased UM coverage, even at the higher premium, if the application for insurance had been different. However, it is clear from the record that Moore did not choose either UM or UIM coverage on the first page of the application. Further, on the second page of the application she checked a box that rejected both. All of these elections were followed by her signature.

We simply find no fault with the organization and structure of Globe's application for its policy as it contains the blocks for UM and UIM coverage which can then be appropriately rejected as is expressly provided for in KRS 304.20.020(1). The logical effect of reading all of KRS 304.20–020(1) is to recognize the General Assembly's decision that an insurance company may either offer UM coverage as a part of its basic package of coverage, or it may choose to offer UM coverage as a supplemental coverage. Here, Moore simply rejected UM coverage, thus, the trial court was correct in granting summary judgment.

## CONCLUSION

Moore rejected UM coverage which was her right under KRS 304.20–020(1) and there were no genuine issues as to any material fact concerning this rejection. The trial court, as a matter of law, properly applied *Wireman, supra,* and found UM coverage was rejected. The Court of Appeals affirmed, and we now affirm.

GRAVES, MINTON, and NOBLE, JJ., concur.

LAMBERT, C.J., dissents by separate opinion, with WINTERSHEIMER, J., joining that dissent.

WINTERSHEIMER, J., also dissents by separate opinion, with LAMBERT, C.J., joining that dissent.

McANULTY, J., not sitting.

LAMBERT, Chief Justice, dissenting.

Moore contends that the application for the policy at issue misled her into believing that she had purchased the basic automobile insurance required by law, and misled her into believing that uninsured motorist coverage was an additional coverage that was merely offered to her. She asserts that but for being misled, she would have

had the uninsured motorist coverage the law requires to be included.

In *Allstate Insurance Company v. Dicke*[1] this Court held that the distinction between uninsured motorist coverage and underinsured motorist coverage was minimal where it was clear that both types of coverage had been purchased. However, we emphasized that the statutory distinction is significant as to the means by which the coverage arises. While the insurer must provide underinsured motorist coverage only if it is requested, the insurer must provide uninsured motorist coverage unless it is rejected. The Globe policy under review ignores this distinction.

KRS 304.20–010 provides in pertinent part:

> No automobile liability ... policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out or the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state ... unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in KRS 304.39–110 ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury ... resulting therefrom; provided that the named insured shall have the right to reject in writing such coverage[.]

An appropriate reading of this statute leads directly to the conclusion that uninsured motorist coverage was intended to be included unless the policyholder affirmatively elects to have it excluded. Contrary to the tenor of the statute, however, the application for the policy at issue was written in the following manner:

## OFFER TO PROVIDE UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS BODILY INJURY COVERAGES.

> You have the right to purchase Uninsured Motorists and Underinsured Motorists Coverages....

While the statute uses the term "supplemental," that term must be properly defined and understood. In *The American Heritage Dictionary*,[2] the word "supplement" is defined as "1. Something added to complete a thing, make up for a deficiency, or extend or strengthen the whole. 2. A section added to a book or document to give further information or to correct errors." In *Black's Law Dictionary*,[3] the word "supplemental" is defined as "That which is added to a thing to complete it," and a "supplemental act" is defined as "That which supplies a deficiency, adds to or completes, or extends that which is already in existence without changing or modifying the original." The majority and concurring opinions fail to acknowledge that supplemental is for the purpose of perfecting something that is otherwise incomplete, and that without the supplement, the thing would remain imperfect.

The majority holds that the policy at issue was compliant with the statute because the insurance application offered uninsured motorist coverage. However, the statute mandates that the insured be given the right to "reject" the coverage, not the right to "purchase" the coverage. By its plain language, this statute requires an insurer to include uninsured motorist coverage in its default minimum package

---

1. 862 S.W.2d 327 (Ky.1993).

2. 1292 (New College Edition 1980).

3. *Id.* at 1290 (5th ed.1979).

of benefits rather than present it as additional coverage.

In my view, the statute mandates that the policy application fairly present uninsured motorist coverage as an "opt out," rather than an "opt in" choice as presented by Globe's application. Merely because the policy uses the language "reject" beside of the box that was checked does not cure the defect in the policy which, viewed as a whole, presents the coverage as an "opt in" choice, suggesting that it is additional rather than basic coverage. Accordingly, I must respectfully dissent.

WINTERSHEIMER, JJ., joins this dissenting opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because I disagree with the analysis and rationale provided therein. Summary judgment for Globe American was incorrect.

In my view, the application misled Moore to think that she had already purchased all the insurance that was required by law and that the uninsured motorist coverage was nothing more than another type of added coverage that she could purchase at her option similar to the underinsured motorist coverage that was lumped into the same provision in the application. I recognize that pursuant to KRS 304.20–020(1), uninsured motorist coverage is mandatory and not optional. In this case, the application contained an incorrect explanation. The matter of whether or not Moore would have purchased uninsured motorist coverage if she had not been given this erroneous explanation is a question of fact and should be determined by a jury.

Therefore, the trial judge erred in granting summary judgment to Globe American.

LAMBERT, C.J., joins this dissenting opinion.