### CONTINENTAL INSURANCE CO. *v.* DAVID JENKINS.

**Insurance Contract—Proof of Oral Contract.**
> Oral contracts for insurance may be enforced, but a specific and complete agreement must be established by a clear preponderance of the evidence before the court should hold the insurer bound.

**Principal and Agent.**
> Mere conversations with an insurance agent on the street relative to taking out insurance, where no application for insurance was made and where the agent had no authority to make an oral contract of insurance, will not bind the insurance company to issue a policy of insurance.

#### APPEAL FROM NELSON CIRCUIT COURT.

September 20, 1876.

OPINION BY JUDGE LINDSAY:

The averments of the petition are to the effect that the Continental Insurance Company contracted and agreed with the appellee to insure and to issue to him a policy of insurance upon his dwelling and store houses, and the appurtenances thereto attached, and that he

had tendered the amount of the premium and the fees constituting the agreed consideration, for the undertaking to insure, and had demanded the issuance and delivery of the policy, and that the company had refused to issue it. The prayer of the petition is that "Said company be decreed by its agent, Samuel Gray, or other proper officer to issue plaintiff a policy of insurance in accordance with his contract aforesaid, bearing date April 1, 1875," and "He prays judgment for his costs herein and for all equitable and general relief."

The answer denied the material averments of the petition, but by its statements and the proof heard upon the trial of the cause, the fact was disclosed that the building alleged to have been insured by the oral contract, under which the policy was to have been issued, had been destroyed by fire before the institution of the action, and a judgment was rendered against the company for the sum of one thousand dollars, the alleged amount of the insurance.

In any view of the case, this judgment is erroneous. It is wholly unsupported by the facts stated in the petition, and is not warranted by the prayer of the complainant. An examination of the cases cited by appellee will show that in each of them the insured not only set out his oral contract for the insurance, and prayed to have it specifically enforced, but also averred the loss, and asked judgment for the amount thereof.

The proof in this case shows that the ordinary insurance policies of the appellant company are issued upon the written application, together with the survey, plan or description of the property, and is considered part of the contract.

It is not pretended in this case that the appellee signed or offered to sign a written application to the company. He states on oath that he directed the agent, Gray, to make out his policy and send it to the principal office of the company to see whether the terms agreed on would be accepted, and that the agent assured him that this was not necessary, because he was satisfied the company would accept the risk. He states further that the agent agreed to wait thirty days for the payment of the premium and fees, and to issue the policy forthwith.

The agent states the substance of several conversations between the appellee and himself relative to this insurance, and confirms so much of the appellee's evidence as relates to his right to bind the company from the time the contract is completed with him until it shall be rejected at the principal office, but says that the conversations

were had upon the streets and upon casual meetings with the appellee, and that in view of the failure of the appellee to call at his place of business, and consummate the contract in the usual way, he regarded the matter as still open. He states that he had no authority to issue the policy until the contract was consummated in the customary way, and that, according to his recollection, no agreement was made to issue a policy at any particular date, nor within thirty days from any given time. Nor was the time fixed for the payment of the premium.

The appellee and Gray are the only witnesses who speak as to these material facts, and as the burden of proof is upon the appellee, it seems to follow, from this difference in their recollection, that he has failed to make out his case. It is certainly true that oral contracts for insurance may be enforced, but a specific and complete agreement ought to be established, by a clear preponderance of the evidence, before the courts should hold the insurers bound. The courts know judicially that original contracts for insurance against loss by fire are almost universally evidenced by a writing. Such contracts are frequently renewed by oral agreements, and in controversies originating out of agreements to renew, less of proof may be tolerated.

In this case it is claimed that the original contract was left to rest wholly upon the recollection of the contracting parties. Such is not the customary course pursued by the appellant, and it is not the usual course in which insurance of the character under consideration is effected. It is doubtful, to say the least of it, whether appellant could have compelled appellee to pay the premium and fees agreed on. The entire transaction bears upon its face evidences of a series of negotiation, resulting in nothing more than an understanding as to the terms upon which appellee might insure, in case he should see proper to do so and an assurance by him to the agent that he would accept his terms. But he failed to take steps of any kind to carry out this assurance until after the loss has been sustained. Hence this is not a case in which the chancellor ought to interfere.

Judgment *reversed* and cause remanded with instructions to dismiss appellee's petition.

*E. E. McKay, for appellant.    Muir & Wickliffe, for appellee.*