CASE 62—ACTION FOR INSURANCE—DEC. 7.

# Baldwin v. Phoenix Insurance Co.

APPEAL FROM CLARK CIRCUIT COURT.

INSURANCE—PAROL CONTRACT TO RENEW.—A parol contract to renew insurance made before the expiration of a policy is good, though nothing is said about the premium, where the parties have dealt together for several years and know the rate of premium and the agent has been in the habit of giving credit for the premium.

J. M. BENTON FOR APPELLANT.

A parol agreement to renew an existing policy of insurance when it shall expire is valid, and in case of loss after the expiration of the existing policy and before the renewal is issued, the insurer is responsible in damages to the insured for the breach of such an agreement. Squier v. Hanover Ins. Co., 80 N. Y., ——; s. c. 46 N. Y. Sup., 30; King v. Cox, &c., 37 S. W. R., 877; Home Ins. Co. v. Adler, 71 Ala., 560; Manchester v. Assurance Co., 151 N. Y., 88.

BECKNER & JOUETT FOR APPELLEE.

1. A verbal contract of insurance, if otherwise valid, is not completed unless the premium is paid or credit given. Zigler v. Phoenix Ins. Co., 82 Ia., 560; Wood on Insurance, sec. 6, p. 21.

2. Independent of authority, an agent's verbal agreement to renew a policy which was not to expire for five months thereafter is manifestly beyond the agent's authority and contrary to public policy.

3. The authorities distinguish between verbal agreements for insurance *in futuro* and parol contracts of insurance *in praesenti*, sustaining the latter, but rejecting the former. Taylor v. Phoenix Ins. Co., 47 Ill., 366; May on Insurance, vol. 1, p. 24, 126; Belleville Mut. Ins. Co. v. Van Winkle, 13 N. J. Eq., 343; Idaho Forwarding Co. v. The Firemen's Fund Ins. Co., 8 Utah, 41; Shank v. Glen Falls Ins. Co., 4 Hun., 576.

4. Such agreements to renew *in futuro* are held to be mere personal undertakings on the part of the agent to effect insurance for his customers. Shank v. Glen Falls Ins. Co., *supra;* Deadman v. Royal Nat. Ins. Co., 75 N. W., 173; Sargent v. National Fire Ins. Co., 86 N. Y., 626.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The question involved in this case is whether a parol agreement to renew an existing policy of insurance when it shall expire is valid. The averments of the petition which we deem necessary to consider are substantially as follows: That from September 1, 1894, to September 1, 1895, the appellant held a policy of insurance in the appellee company, for which he paid an annual premium of $20; that the appellee insured him against loss by fire to the amount of $800 on a stock of leaf and manufactured tobacco, and on September 1, 1895, the appellee, through its agent, George W. Strother, issued to him a renewal policy, which extended to September 1, 1896, for which he paid a like premium as for the first policy; that on April 7, 1896, the appellee gave him written permission to remove the tobacco covered by the policy to another building, near the one in which the tobacco was originally stored; that he removed the tobacco to the building where he was permitted to do so by the appellee; that Strother is and has been continuously for several years in charge of the appellee's business at Winchester, and had full authority to make contracts of insurance, to issue policies and renewals of same; that on April 7, 1896, the appellee, through Strother, its agent, agreed with the appellant that, in consideration of the usual annual premium paid by him for the policy of insurance, to-wit, $20, his policy was to be renewed upon its expiration, September 1, 1896, for a year, upon the same terms and conditions as contained in the existing policy; that for several years prior thereto appellant had been insuring his property with the appellee and other companies represented by Strother, all of which insurance had been effected through Strother as agent; that Strother, during

all that time, had never required of appellant payment
of the premium at the time the policies were issued, but
made a charge of premiums against him on his books, and
afterwards, at such times as he desired to collect the
premiums from him, would present an account for same
and receive payment; that because of that course of deal-
ing upon the part of Strother he had not, by September 1,
1896, paid the premium for the renewal of the policy; that
he was able and willing to pay the premium on the day
that the renewal should have been issued, and every day
thereafter, upon the demand of Strother; that Strother
failed to issue a renewal policy as he agreed to do; that
on the night of November 2, 1896, his stock of tobacco,
which was insured, was destroyed by fire, resulting in
his loss in the sum of $469; that he relied upon Strother's
agreement to renew the policy; that he did not know that
Strother had failed to renew it for another year until after
the fire had occurred; that he then tendered the premium
of $20, and Strother refused to accept it.

These facts are all admitted by the demurrer to the pe-
tition, and are assumed to be true. Counsel for appellant
and appellee concede the rule of law to be that parol con-
tracts of insurance are obligatory. This we understand
to be the general doctrine. It is insisted that the con-
tract was not completed, inasmuch as the premium was
not paid or credit therefor given. The renewal was to be
issued in consideration of $20. So, the question is whether
the premium should have been tendered on the day the
renewal policy should have been issued, in order to make
the contract binding. No time was fixed for the payment
of the premium, and, in the absence of such a contract,
the premium would have to be paid on the day the renewal
policy should have been issued under the contract, unless

the appellant was excused from paying it then by reason of a course of dealing with the agent of the appellee.

The appellee's agent had for years been issuing policies of insurance to the appellant, and during all these years the premiums were not paid on the day the policies were issued or renewals were made. The agent made charges upon his books against the appellant of the premiums, and when it suited his pleasure he presented the account, which was paid. . The appellant had the right to rely upon this method of doing business, and presume, in the absence of a notice to the contrary, that it would be followed by the company with reference to the contract under consideration. We think this method of transacting the business was, in effect, giving a credit to the appellant for the premiums, and he had the right to understand that he was getting credit therefor, and that he was to pay it upon demand only.

In 1 May on Insurance, section 70b, it is said: "A naked oral promise of an insurance company's agent to renew a policy when it runs out is not actionable on the agent's failure to do so. It must be alleged that the premium was paid or tendered at the time the old policy expired. If this is done, however, damages may be recovered for failure to renew in accordance with an oral promise."

The author also says in the same section; "A conversation with the agent requesting him to renew, and a promise on his part to renew, the policy, do not constitute a renewal where no renewal receipt is given, no renewal indorsed on the policy or entered by the agent, or notified to the company, and no premium paid, tendered, or credit arranged."

The doctrine laid down by May is not in conflict with the conclusion we have reached. He lays down the rule that

it is essential to allege that the premium was paid or tendered at the time the old policy expired. He does not intimate that the necessity of the payment or tender could not be waived by express terms, or by a course of dealing between the parties. He does recognize, how ever, that, *if credit is arranged*, it is not essential that a renewal receipt should be given, or a renewal in- dorsed upon the policy, or premium paid or ten- dered in order to make a binding contract. Besides, the same author, in section 22a, says: "A parol contract of insurance is good, though nothing is said about the premium, where the parties have dealt together for several years, and know the rate of premium, and the agents have been in the habit of giving the plaintiff credit for the pre- mium."

It is contended by counsel for appellee that the author- ities distinguish between verbal agreements for insur- ance *in futuro* and verbal contracts of insurance *in presen- ti*, and have rejected the former, but sustained the latter character of contracts. We concede there is a conflict of authority upon this question. If we are correct in the conclusion that it was a completed contract, of course everything was done which was essential to be done to make it obligatory. We see no reason why an insurance company can not, in anticipation of the expiration of a policy of insurance, agree that it will issue a new policy at that time in consideration of a given sum of money. If the premium for the renewal was paid at the time the contract was made, it seems to us that no one could con- tend that it was not a valid contract. This being true, then there can be no question as to the right of the ap- pellant to make a contract postponing the payment of the premium. This could be done by express contract, or it

can be done, as was done in this case, by a course of deal-
ing which shows that the parties contemplated that credit
should be given for the premium, and that it should not be
paid when a renewal policy was to be issued, but upon
the demand of the agent.

The conclusion we have reached  supported by the
cases of King *et al.* v. Cox *et al.* (Ark.), [37 S. W., 877], and
Home Insurance Co. v. Adler, 71 Ala., 516.   In those cases
it appeared that the contract was made within a few days
of the expiration of the policies which were to be renewed.
Counsel for appellee argues that the contracts in those cases
were made so near the date of the expiration of the old pol-
icies the court regarded them as contracts of insurance *in
presenti.*   The court in those cases did not hold that the
contracts were enforceable, because the contracts for re-
newal were made but a short time before the expiration
of the old policies, and therefore were contracts *in pre-
senti.*   They simply adjudged that parol contracts for the
renewal of policies, which were made before the expira-
tion of the old policies were binding.     If a contract
made for the renewal of a policy two or three weeks
before the expiration of the old policy is binding, we can
see no reason why the contract made five months before
is not equally binding.   If it is a completed contract, as we
believe the one under consideration was, it is enforceable.

The judgment is reversed for proceedings consistent
with this opinion.