# Craddock, Vinson & Company v. Connecticut Fire Insurance Company.

(Decided October 27, 1914.)

## Appeal from Hickman Circuit Court.

1. Insurance—Fire—False Statements in Application—When Will Defeat Policy.—False and material misstatements, if made by the insured in an application for fire insurance, will avoid the policy; but if false and material misstatements are inserted by the agent of the company without the consent or approval of the applicant, the company cannot rely on their falsity to defeat the insurance.

2. Insurance—Fire—Material Misstatements in Application.—Where the insured, in an application for insurance on machinery, stated that it cost $1,200 and had only been in use two years, when in fact it had cost only $250 and had been in use more than seven years, these false statements were material to the risk and sufficient to defeat a recovery on the policy after the destruction of the property by fire.

R. L. SMITH for appellants.

GUS THOMAS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In August, 1912, the appellants purchased a traction engine, water tank, separator and two wind-stackers for $250, for which sum they executed their note, the engine being valued by the seller at $200 and the balance of the property at $50. In September, 1912, they had this property insured in the appellee company for $955, distributed as follows: $530 on the engine, $60 on water tank, $200 on separator and $165 on stackers. In December, 1912, the separator and the wind stackers were destroyed by fire, and to recover the insurance of $365 on the destroyed property, this suit was brought.

For defense the appellee relied on certain clauses in the policy, one of them stipulating that "This indemnity contract is based upon the representations contained in the application of even numbers herewith and which the assured has signed and permitted to be submitted to the company, and the amount insured on articles described in the policy are based on the size and age of each article, as stated by the assured in his application, and which is made a warranty and a part hereof. The assured waives the right to plead that he did not know what the applica-

tion contained; and it is stipulated and agreed that if any false statements are made in said application, then this entire policy shall be null and void." In the application it was stipulated that "if the statements in this application are not true, the policy issued hereon will be void." It was further averred that the company would not have taken a risk of any amount on the property destroyed if it had been in use more than seven years.

The application shows that the appellants, in answer to certain questions contained in the application, stated that the property had been bought from different parties; that the purchase price was $1,200, which was paid in cash; that the engine had been in use seven years and the separator and stackers had been in use two years. It was averred that each of these statements was false, and that the entire property had been in use about twelve years, that the purchase price was only $250, and that same was not paid in cash. That the property was not bought from different parties, but from one party.

In the reply it was sought to avoid the false statements in the application upon the ground as stated that "It is true that they signed the application set out in defendant's answer; but they deny that at the time they signed said application the statement was in said application that the purchase price. of this outfit insured was $1,200, and that this was paid in cash. They say that at the time they signed said application the same was filled out by the agent of. the defendants writing said policy, and the application therefor. And they deny that they stated to him that the purchase price of said property was $1,200 cash; but they say they told him that said property was worth $1,200; that the statement in the application that the purchase price was $1,200 was made without their knowledge and after they had signed the application   *   *   *   And they say the statements in the application were written by the agent of the company after same had been signed by them, and they say that they never saw said application and did not know that the statements complained of in the answer were in the application until after the fire." They further denied that the property had been in use more than two seasons.

The case went to trial before a jury, and after all the evidence had been introduced, the trial judge instructed the jury to return a verdict for the appellee company, and it is of this ruling that the appellants complain.

It being admitted that the statements in the applica-

tion, that the property cost $1,200 and was paid for in cash and was purchased from different parties, were false, the only issue upon this point is whether these statements in the application were inserted with the knowledge and consent of the applicants or by the agent who took the insurance without the approval or consent of the applicants.

The representation in the application concerning the purchase price of the property was material to the risk, and if this representation was falsely made by the applicants, it was sufficient to avoid the policy and defeat a recovery in this action. The statement that this property had been in use only two years was also a material statement, if in fact it had been in use more than seven years, and would be sufficient to avoid the policy, because it is conceded that the company would not issue a policy on property of this kind that had been in use more than seven years.

It will thus be seen that the controversy presents purely a question of fact; namely, were these statements inserted in the policy by the agent of the insurance company without the knowledge or approval of the applicants, or were they inserted in the policy by him with their consent and approval? If they were inserted by the agent without the consent or approval of the applicants, the company can not rely on their falsity to defeat the insurance: Western Assurance Co. v. Rector, 85 Ky., 294; Hartford Ins. Co. v. Haas, 87 Ky., 531; Gardner v. Continental Ins. Co., 125 Ky., 464; General Accident, Life and Fire Assurance Corporation v. Richardson, 157 Ky., 503.

We have carefully read the evidence of the agent who received the application, as well as the evidence of the applicants, and we concur in the conclusion reached by the trial judge that the false and material misrepresentations in the application were not made by the agent without the knowledge or consent of the applicants, but were made with their knowledge and consent and upon information received from the applicants.

The evidence shows that the destroyed property had been purchased some ten or twelve years before the fire, but that it had not been actually used more than three years during this ten or twelve year period. Upon this showing it is insisted by counsel for appellants that the seven year provision in the application relied on to defeat the insurance is only applicable when property has

been in actual use seven years. Or, in other words, has been used as a threshing outfit seven different seasons. We find in the application that "seasons in use mean all seasons since first use," and the evidence shows that it was first used more than seven years before the date of the application.

Upon the whole case, we think the ruling of the lower court was correct, and the judgment is affirmed.