### California Insurance Company v. Settle.

(Decided January 12, 1915.)

Appeal from McCracken Circuit Court.

Insurance—The Contract—Oral Contract of Fire Insurance—Actions—Sufficiency of Evidence.—Plaintiff's evidence showed a promise upon the part of a fire insurance agent, made Dec. 15, 1912, to issue a policy of fire insurance on Jan. 1, 1913, to be effective for three years thereafter. Held, no completed contract effected.

CAMPBELL & CAMPBELL for appellant.

EATON & BOYD for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Mrs. Nellie Settle sued the California Insurance Company in the McCracken Circuit Court upon an alleged oral contract of insurance against loss by fire, and obtained a verdict and judgment in the sum of $582.00. The insurance company appeals.

Upon the trial the plaintiff testified that her house was destroyed by fire on April 15, 1913; that about the middle of December, 1912, one Julius Friedman, an agent of the California Insurance Company, called upon her at her place of work at the Paris Dry Cleaning Plant, in Paducah; that "he asked about insuring my house; he said he had heard I did not have any insurance on it; said he would like to insure me. I told him I did not have any insurance, and that I would like to have some. He said, 'I will insure you.' He said he had insurance on one of my neighbors' homes; that he had already seen my house, and knew all about it; all he wanted to know was whether I carried insurance. I told him I did not. He said, 'I will write it up.    *    *    *    I will insure your property for $600.00;' that it would be worth that much. I said, 'All right, that is satisfactory to me.' I was to pay him $18.00 for three years, the time the property was to be insured for. He said if I did not have the money to pay the full premium, he would give me time; he said he would divide it into three different parts; that I could pay six dollars at a time. Q. Was anything said about when the insurance was to commence? A. On the first of the year, on January 1, 1913. He said he would insure me in the company that my neighbors were insured in. I asked what company that was; he said one of the best companies I have, the California Insurance Company."

The agent testified that the only conversation ever had by him with the plaintiff occurred about the middle of October, 1912, and that when he spoke to her on this occasion relative to taking the insurance, she said she was unable to pay the premium, and would wait until December. No policy was issued to Mrs. Settle and nothing further was ever said between them concerning the matter.

1. Appellant contends that the trial court erred in denying its motion for a directed verdict, and urges that the plaintiff failed to show a valid oral contract to insure or to issue a policy of insurance.

It is undoubtedly competent for an authorized agent of a fire insurance company to contract for the issual of a policy of insurance and to agree that in the interim the property in question shall be insured, where the subject matter, the perils insured against, the amount of the insurance, the duration of the risk, the rate of premium, the identity of the parties and such other matters as may be essential, have all been agreed upon. Shawnee Fire Insurance Company v. Roll, 145 Ky., 113, 140 S. W., 49.

And it has also been held that an oral contract made by the authorized agent of a fire insurance company to renew an existing policy of insurance is valid, although made before the expiration of the existing policy. Baldwin v. Phoenix Insurance Company, 107 Ky., 356, 21 R., 1090, 54 S. W., 13, 92 A. S. R., 362.

But neither of these cases is applicable to the facts obtaining in the case at bar. Here there was no existing contract to be renewed, nor was there effected a contract of insurance in *praesenti*. In this case, considering only the plaintiff's evidence, and taking it as true upon the motion for a directed verdict, there is shown a promise upon the part of the agent, made about December 15, 1912, to issue a policy of fire insurance on plaintiff's property in the sum of six hundred dollars, on January 1, 1913, the policy to be effective for three years thereafter. The premium was to be eighteen dollars, but no part of it was ever paid, nor was any time agreed upon when it should be paid. The plaintiff's evidence shows, not a contract completed at the time, but a promise to issue a policy at a future date and to effect a completed contract then. This was never done.

To show an oral contract of insurance a definite and certain agreement to insure must be proven. Fireman's Fund v. Searcy, 157 Ky., 749, 163 S. W., 1103. No such agreement was shown in this case, and the trial court erred in denying defendant's motion for a directed verdict at the close of plaintiff's evidence.

2. Appellant also contends that plaintiff failed to show authority upon the part of the agent to make the contract sought to be enforced.

Such authority was shown by the agent's own deposition; but appellant insists that the fact of agency and extent of the agent's authority may not be proven in this manner, citing, in support of its contention in this

respect, Elliott on Contracts, Section 2931, and L. & N. v. Byrley, 152 Ky., 35, 153 S. W., 36, in both of which it is said that the admissions or declarations of an agent cannot be given in evidence against the principal, either to establish the fact of agency or the extent of authority. But this rule has reference only to statements made by the agent out of court. His assertions not under oath are rejected; but the agent's testimony is competent to show the fact of agency and extent of his authority. See Chamberlayne on Evidence, Sec. 1339, 31 Cyc., 1652.

For the error in denying defendant's motion for a directed verdict, the judgment is reversed.