JOHN STRUZEWSKI et al., Respondents, *v.* FARMERS' FIRE INSURANCE COMPANY, Appellant.

**Insurance (fire) — powers of agent — agreement by local agent to renew policy of fire insurance from time to time as policies expired — effect of failure of agent so to do.**

1. It is error to amend a complaint upon the trial setting up an agreement to insure when the action was brought upon an executed contract of insurance.

2. Plaintiff has recovered upon an alleged contract with an agent of defendant to the effect that the agent would renew a policy of fire insurance from time to time in the defendant company. This the agent continued to do for a period of nine years, when he failed to renew for the reason that the plaintiff had moved without leaving his address. The last renewal expired two days before the fire. *Held*, that the plaintiff's recovery cannot be sustained for the reason that there is no evidence that the agent had any authority from the insurance company to make such a broad and sweeping contract for the future. (*Trustees of the First Baptist Church* v. *Brooklyn Fire Insurance Co.*, 19 N. Y. 305; *Squier* v. *Hanover Fire Insurance Company of N. Y.*, 162 N. Y. 552, distinguished.)

*Struzewski* v. *Farmers' Fire Ins. Co.*, 179 App. Div. 318, reversed.

(Argued April 21, 1919; decided May 20, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 10, 1917, affirming a judgment in favor of plaintiffs entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Vernon Cole* for appellant. It was error for the court to permit an amendment of the complaint changing the cause of action from one on a contract of insurance to one on an oral agreement to issue a policy. (*Shank* v. *Insurance Co.*, 4 App. Div. 516; *Walrath* v. *Hanover F. Ins. Co.*, 216 N. Y. 220.) The agreement made in 1903 was the individual agreement of the agent and not that of the defendant and was not within his authority. (*Brown* v. *D. C. Mut. Ins. Co.*, 64 App. Div. 9; *O'Reilly* v. *Insurance Co.*, 101 N. Y. 575.)

*Joseph A. Wechter* for respondents. The oral agreement is a contract of the defendant company and is binding. (*Squier* v. *Hanover Fire Ins. Co.*, 162 N. Y. 552; *Manchester* v. *Guardian Assurance Co.*, 151 N. Y. 78; *Abel* v. *Phœnix Ins. Co.*, 47 App Div. 81; *Ellis* v. *Insurance Co.*, 50 N. Y. 402; *More* v. *Insurance Co.*, 130 N. Y. 537; *Angell* v. *Insurance Co.*, 59 N. Y. 171.)

CRANE, J.   The plaintiff was the owner of a two-story frame building in Depew, New York, which he had purchased through Elwin B. Rowley, an agent in the real estate transaction.   Rowley was also in the insurance business and in behalf of the plaintiff insured this house in the Farmers' Fire Insurance Company for three years in the sum of $800.   The first policy was dated October 22, 1903, and expired on the same day of the month in 1906. The house burned down on October 24, 1915, and this action was commenced by the plaintiff to recover the insurance on the assumption that he had a renewal policy for three years from October 22, 1915.   He had no such policy, his last renewal having expired two days before the fire.

His complaint alleged a cause of action upon a policy of insurance as though it had been issued and renewed by the defendant, but upon the trial he was permitted to amend his pleading so as to allege an oral contract with the defendant through its agent, Rowley, to renew his insurance at the end of every expiring three-year period.

To this amendment the defendant's counsel seriously objected as wholly changing the cause of action.   In this he was right.   The case of *Walrath* v. *Hanover Fire Insurance Co.* (216 N. Y. 220) decided that it was error to amend a complaint upon the trial setting up an agreement to insure when the action was brought upon an executed contract of insurance.   This would of itself require a reversal of the plaintiff's judgment, but we pass on to the other points which we deem vital to any recovery.

The plaintiff's recovery was based entirely upon an alleged contract of which his testimony furnishes the only evidence and is as follows:

" A. When I got the title, received my deed I want to get fire insurance too, and I asked him about this company, that is the Farmers' Fire Insurance Company, and he says it is the best fire insurance what he knows. He says he is going to renew it every time; he says he

can renew it every three years and he is going to send it to me and renew it every three years and send it up to me. Q. Did he say in what company he would keep you insured? A. Yes, sir. Q. In what company? A. The Farmers' Fire Insurance Company."

Thereafter at the expiration of the policy, Rowley did send renewals to the plaintiff through the mail up to October 22, 1915, when he failed to do so because, as he said, the plaintiff had moved without leaving his address. In our opinion the plaintiff's recovery cannot be sustained for the reason that there is no evidence that Rowley had any authority from the insurance company, as its agent, to make such a broad and sweeping contract for the future.

The authority which Elwin B. Rowley had to act for the Farmers' Fire Insurance Company was contained in a certificate of agency reading in part as follows:

" THIS CERTIFIES that Elwin B. Rowley, of Depew, County of Erie, State of New York, is hereby appointed and duly constituted as agent of the Farmers' Fire Insurance Company, of York, Pennsylvania, during the pleasure of said company, and as such agent is hereby authorized and empowered to receive proposals for insurance against loss or damage by fire, and countersign and issue policies of insurance and renewals in the city of Depew and vicinity, to receive money, to join in assignments and transfers and endorsements made thereon, and to do and transact all business and duties pertaining to said appointment in the manner and form prescribed from time to time by the company."

There is nothing here to indicate that he had authority to bind the defendant by oral agreements running indefinitely into the future. The case of *Squier* v. *Hanover Fire Insurance Company of N. Y.* (162 N. Y. 552) holds that where an agent has power to issue a renewal policy and on the eve of expiration agrees to renew, the company is bound by such an agreement. If in this case Rowley had agreed to renew the plaintiff's policy at or

near the time of expiration, his failure so to do would be charged to the company. An agreement to insure need not necessarily be in writing. (*International Ferry Co.* v. *American Fidelity Co.*, 207 N. Y. 350.)

We are here,. however, dealing with a question of authority which must have reasonable limitations and we find nothing in the evidence of any practice or custom which would justify an agent in binding his principal by an oral agreement to renew a policy at the expiration of every three years without further notice. The extent to which such a rule would carry us is illustrated by the charge to the jury in this case wherein the court said:

" He [the agent] should ascertain or make some attempt to ascertain where he [the insured] had moved to and not let a valuable contract expire to the possible loss of his client."

The agent may bind himself personally to an agreement which would not be binding upon his company and in this case the agent did this very thing. He was interested in the sale of the house to the plaintiff; he was the real estate agent and agreed with the purchaser that he, Rowley, would keep the premises insured and would renew it every time. This was his individual contract and not that of the defendant. He had, as we have already stated, no authority to make an oral contract to forever renew the policy at the expiration of each three-year period without further notice. The renewals are expected to be in writing, the same as the original policy of insurance, and it is only when the insured relies upon the statements of an agent, made within the scope of his authority, that the company may be held for those acts which the agent should have performed but failed to do. An immediate renewal or an agreement to issue a renewal policy for one about to expire upon which agreement the insured relies is an entirely different thing from an agreement to keep premises forever insured by renewals for years to come. This reasoning is in line with the

authorities. (*Shank* v. *Glens Falls Insurance Co.*, 4 App. Div. 516; *Wood* v. *Prussian National Insurance Co.*, 99 Wis. 497; *Brown* v. *Dutchess Co. Mutual Insurance Co.*, 64 App. Div. 9; *Benner* v. *Fire Association of Philadelphia*, 229 Penn. St. 75; *American Central Insurance Co.* v. *Hardin*, 148 Ky. 246; *Underwood* v. *Penn. Fire Insurance Co.*, 134 N. Y. Supp. 105.)

We do not consider the case of *Trustees of the First Baptist Church* v. *Brooklyn Fire Insurance Co.* (19 N. Y. 305) an authority to the contrary. The agreement in that case was apparently made by the company itself and involved no question of an agent's authority. Besides the plaintiff offered to prove a usage of the defendant to make verbal agreements to renew policies until further notice.

For these reasons and without discussing the other questions and points which have been raised, the judgment in this case must be reversed and a new trial granted, with costs to abide the event.

COLLIN, CUDDEBACK, CARDOZO, POUND and ANDREWS, JJ., concur; HISCOCK, Ch. J., not sitting.

Judgment reversed, etc.