## Henry Clay Fire Insurance Company v. Grayson County State Bank.

(Decided March 25, 1930.)

(As Modified on Denial of Rehearing June 9, 1931.)

F. M. DRAKE and C. O. CARRIER for appellant.

J. M. CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment awarding appellee a recovery on a parol contract of insurance.

Beginning with an opinion by Judge Robertson in the early case of Security Fire Ins. Co. v. Kentucky M.

& F. Ins. Co., 7 Bush 81, 3 Am. Rep. 301, we have uniformly held that a parol contract of insurance, containing all the essential elements of a written contract, is valid. Continental Ins. Co. v. Jenkins, 9 Ky. Op. 147; 5 Ins. L. J. 514; Western Ins. Co. v. Meuth, 10 Ky. Law Rep. 718; Deadman v. Royal Ins. Co., 12 Ky. Law Rep. 389; Mattingly v. Springfield F. & M. Ins. Co., 120 Ky. 768, 83 S. W. 577, 26 Ky. Law Rep. 1187; German-American Ins. Co. v. Yellow Poplar Lumber Co., 84 S. W. 551, 27 Ky. Law Rep. 105; Phoenix Ins. Co. v. Spiers, 87 Ky. 285, 8 S. W. 453, 458, 10 Ky. Law Rep. 254; Commercial Union Assur. Co. v. Urbansky, 113 Ky. 624, 68 S. W. 653, 24 Ky. Law Rep. 462; Hartford F. Ins Co. v. Trimble, 117 Ky. 583, 78 S. W. 462, 25 Ky. Law Rep. 1497; Shawnee F. Ins. Co. v. Roll, 145 Ky. 113, 140 S. W. 49; Bracken County Ins. Co. v. Murray, 166 Ky. 821, 179 S. W. 842; Springfield F. & M. Ins. Co. v. Snowden, 173 Ky. 664, 191 S. W. 439; Georgia Casualty Co. v. Bond-Foley Lumber Co., 187 Ky. 511, 219 S. W. 442.

In the early case of Union Mutual Life Insurance Co. v. Wilkinson, 13 Wall, 222, 235, 20 L. Ed. 617, the United States Supreme Court, in speaking of the powers of an insurance agent, said:

"The powers of the agent are, prima facie, coextensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals. An insurance company, establishing a local agency, must be held responsible to the parties with whom they transact business for the acts and declarations of the agent, within the scope of his employment, as if they proceeded from the principal."

In discussing the same question, this court in the case of Phoenix Ins. Co. v. Spiers & Thomas, supra, said:

"The tendency of recent decisions, and we think properly, is to hold the insurer bound by the acts and conduct of the local agent whenever it can be done consistently with the rules of law. The maxim, qui facit per alium facit per se, should apply with peculiar force to the acts of an insurance agent. He usually represents a company remotely located. Its patrons in his vicinity naturally look to him for

direction generally as to the insurance obtained through him. He is generally regarded as having full power in reference to it. Being usually the only man upon the ground having anything to do. with it, the persons insured in his company, with few, if any, exceptions, would, in the absence of notice that his powers were limited, regard his statement as to any matter relative to such insurance as authoritative, and any notice to him as to it as sufficient. They rarely know anything of the company, or of its officers, who issue the policies, and look to the agent through whom they have obtained the insurance as the complete representative of the company in everything connected with that insurance."

Following the above rule, we have uniformly held that the acts of an insurance agent within the apparent scope of his authority are binding on the insurer, unless the insured knew that he exceeded his powers, Wright's Adm'r v. Northwestern Mutual Ins. Co., 91 Ky. 215, 15 S. W. 242, 12 Ky. Law Rep. 850; Mattingly v. Springfield F. & M. Ins. Co., supra; Crawford's Adm'r v. Travelers' Ins. Co., 124 Ky. 733, 99 S. W. 963, 30 Ky. Law Rep. 943, 124 Am. St. Rep. 425; Aetna Ins. Co. v. Howell, 107 S. W. 294, 32 Ky. Law Rep. 935; Manchester Assurance Co. v. Dowell, 80 S. W. 207, 25 Ky. Law Rep. 2240; Germania Ins. Co. v. Wingfield, 57 S. W. 456, 22 Ky. Law Rep. 457; Rhode Island U. A. v. Monarch, 98 Ky. 305, 32 S. W. 959, 17 Ky. Law Rep. 876; General Assurance Corp. v. Richardson, 157 Ky. 503, 163 S. W. 482; Aetna Ins. Co. v. McCullagh, 185 Ky. 665, 215 S. W. 821; Standard Auto Ins. Ass'n v. Henson, 201 Ky. 230, 256 S. W. 414; Hurst Home Ins. Co. v. Ledford, 207 Ky. 212, 268 S. W. 1090; Continental Insurance Co. v. Turner, 222 Ky. 608, 1 S. W. (2d) 1063; and the rule applies to the making of an oral contract of insurance, Georgia Casualty Co. v. Bond-Foley Lumber Co., supra.

Proceeding from these general propositions deduced from our decisions and sustained by the authorities generally, we come to consider the specific contentions advanced in this case that the particular agent was not authorized to bind the company by an oral contract under the circumstances shown, and that an oral contract of insurance, in any event, must be limited to a brief period

necessary to complete the preparation and issuance of a formal policy.

The property involved in this case was regularly insured by the appellant through the same local agent. The owner who had procured the original insurance subsequently conveyed the property to the appellee. It was desired to have the insurance transferred to the new owner, which required merely the consent of the company. The local agent was competent to act in that matter. It was within the scope of his agency, both actual and apparent. Continental Ins. Co. v. Simpson, 220 Ky. 170, 294 S. W. 1048; Niagara Fire Ins. Co. v. Johnson, 231 Ky. 426, 21 S. W. (2d) 794; Glens Falls Ins. Co. v. Elliott, 223 Ky. 205, 3 S. W. (2d) 219; Charles H. Dresser & Son v. Allemannia Fire Ins. Co., 101 Conn. 626, 126 A. 912.

Indeed, mere knowledge on the part of the agent of the change of title coupled with recognition of the insurance as continuing in force would have estopped the company from declaring a forfeiture or from denying liability on the ground of change of title in the property. Conditions in contracts of insurance for the benefit of the insurance company may be waived, expressly or by implication. United States F. & G. Co. v. Miller, 237 Ky. 43, 34 S. W. (2d) 938; Hartford Fire Ins. Co. v. Haas, 87 Ky. 531, 9 S. W. 720, 10 Ky. Law Rep. 573, 2 L. R. A. 64; Wilson v. Germania Fire Ins. Co., 140 Ky. 642, 131 S. W. 785; Niagara Fire Ins. Co. v. Layne, 162 Ky. 665, 172 S. W. 1090. So here, if the agent had assented to the transfer of the Dunn policy, no doubt could arise as to the efficacy of his act. But, instead of doing what was requested for the continued protection of the insured property, the agent suggested that a new policy be substituted for the old one, and agreed during the interim to continue the protection. Certainly no doubt could arise as to the validity of such an arrangement. We deem it unnecessary to review the evidence at length. It is sufficient to say that it is much stronger than is usual in cases of this character, and was very clear that the agents of the bank and the agent of the appellant agreed upon the subject-matter, the risk insured against, the amount of the insurance, the rate of premium, the duration of the risk, and the identity of the parties. American Central Ins. Co. v. Hardin, 148 Ky. 246, 146 S. W. 418.

The criticisms of the petition became unimportant, in view of the issues tried and the result reached. Pacific Mutual Ins. Co. v. Taylor, 166 Ky. 323, 179 S. W. 199. The name by which the agent is described is not important.

Confusion will be avoided by considering the actualities of the situation rather than the designation of the actors. The agent was there to transact the business of insurance for his company. His authority was coextensive with the subject-matter intrusted to his care, and his knowledge concerning facts material to the business he was conducting was the knowledge of the company, in the absence of known restrictions communicated to the party with whom he dealt. Continental Ins. Co. v. Simpson, 220 Ky. 170, 294 S. W. 1048; Von Bories v. Ins. Co., 8 Bush, 133; Rogers v. F. M. A. Ass'n, 106 Ky. 371, 50 S. W. 543, 20 Ky. Law Rep. 1925. This agent had procured the very policy then in force upon the property, and it was desired by both parties to maintain it in force. The apparent scope of the agency can be deduced from the nature and purpose of the business, as well as the course of conduct. May on Insurance (3d Ed.), sec. 126; Baldwin v. Phoenix Ins. Co., 107 Ky. 356, 54 S. W. 13, 21 Ky. Law Rep. 1090, 92 Am. St. Rep. 362; Gresham v. Norwich Fire Ins. Co., 157 Ky. 402, 163 S. W. 214.

The rule is thus stated in 2 C. J. p. 578, sec. 220:

"As a general rule of law every grant of power implies and carries with it, as an incident, authority to do whatever acts, or use whatever means are reasonably necessary and proper to the accomplishment of the purpose for whch the agency was created, unless the inference of such power is expressly excluded by the instrument creating the agency, or by the circumstances of the business to which the agency relates. Such incidental authority includes all acts and things which are connected with and essential to the business in hand; it is measured by the nature and necessities of the purpose to be accomplished and is prima facie coextensive with the business intrusted to the agent's care. The means adopted, however, should be such as are most usual, such means indeed as are ordinarily used by prudent persons in doing similar business. This rule applies both to general and special agents unless the manner of doing the particular act is

prescribed by the power." Cf. 14 R. C. L., secs. 339, 340, pp. 1158, 1159.

It is not necessary to discuss the nature of an oral contract of insurance as an original proposition, since the one involved here was based upon the transfer of an existing valid contract. In Continental Insurance Co. v. Jenkins, 9 Ky. Op. 147, the court said:

> "The courts know judicially that original contracts for insurance against loss by fire are almost universally evidenced by a writing. Such contracts are frequently renewed by oral agreements, and in controversies originating out of agreements to renew, less of proof may be tolerated." Cf. National Liberty Insurance Co. v. Milligan (C. C. A.) 10 F. (2d) 483; Sheets v. Iowa State Ins. Co., 153 Mo. App. 633, 135 S. W. 80.

The fact that a delay was encountered in effectuating the change of the policy is not enough to defeat the oral contract if the delay was brought about by the acts of the agent. The testimony for the appellee was clear to the effect that it was lulled into a sense of security by the assurances of the agent, and the delay in the issuance of the policy was for the convenience of the agent. The agent denied that the delay was his fault, and testified to the effect that the appellee brought about the delay, notwithstanding his urgent efforts to bring the matter to a conclusion. No request was made to have that issue submitted to the jury, and, in the absence of such a request, the finding in favor of the bank on the main issue may be treated as establishing that the agreement was as claimed by the bank. Doubtless upon seasonable request the court would have submitted to the jury whether the delay to consummate the transfer was for an unreasonable length of time, or caused by the neglect of the bank, but on this record that question need not be decided.

In some of the cases referred to by the appellant, the evidence upon the issue was deemed insufficient, California Ins. Co. v. Settle, 162 Ky. 82, 172 S. W. 119; Gresham v. Norwich Fire Ins. Co., 157 Ky. 402, 163 S. W. 214; Continental Ins. Co. v. Jenkins, 9 Ky. Op. 147, while in others the oral contract was found to be sufficiently

proven, Firemen's. Fund Ins. Co. v. Searcy, 157 Ky. 749, 163 S. W. 1103; American Central Ins. Co. v. Hardin, 148 Ky. 246, 146 S. W. 418.

A parol contract to insure or to issue a policy of insurance may be specifically enforced, even after loss has occurred. Howard Ins. Co. v. Owens, 94 Ky. 197, 21 S. W. 1037; Security Fire Ins. Co. v. Kentucky Marine & Fire Ins. Co., 7 Bush, 81, 3 Am. Rep. 301; Hartford Fire Ins. Co. v. Trimble, 117 Ky. 583, 78 S. W. 462, 25 Ky. Law Rep. 1497; Phoenix Ins. Co. v. Ryland, 69 Md. 437, 16 A. 109, 1 L. R. A. 548.

In Continental Ins. Co. v. Jenkins, 9 Ky. Op. 147, it was not held that an oral contract of insurance was valid for a short period only, but it was held that no contract for any period was shown by the proof. It will be found upon an examination of the cases holding that oral contracts of insurance are valid for a temporary period dealt with contracts of that character which were to endure only for a brief time. It was not expressed as a principle of limitation upon the power of the agent to make a contract, but rather as a construction of the contract actually made. In some situations, the authority of the agent was derived from a practice of making temporary contracts of coverage, which custom defined and delimited the power of the agent. McQuaid v. Aetna Ins. Co., 226 Mass. 281, 115 N. E. 428.

When not affected by the statute of frauds, there is no inherent incapacity to make an oral contract of insurance for any period. 14 R. C. L. p. 881, sec. 56; 32 C. J. p. 1113, sec. 209. However, where the contract provides for its termination at the end of a certain time, it will be enforced accordingly. 26 C. J. p. 47. Cf. McQuaid v. Aetna Ins. Co., 226 Mass. 281, 115 N. E. 428.

Here the contract was made to keep the insurance in force until the new policy was delivered, and the delay in delivery of new. policy was not shown to have been the fault of the insured. Hence the court did not err in holding that the contract was valid.

The judgment is affirmed.

Whole Court sitting.