## St. Paul Fire & Marine Insurance Co. et al. v. Trustees of Christian Church of Somerset.

(Decided March 1, 1935.)

F. M. DRAKE, H. C. KENNEDY and GORDON, LAURENT, OGDEN & GALPHIN for appellants.

B. J. BETHURUM for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

These are appeals by the St. Paul Fire & Marine Insurance Company and the Alliance Insurance Company from judgments for damages against each of them

in the sum of $3,000 under alleged oral contracts to renew certain insurance. Separate suits were filed against each company, but as the questions involved were identical, the cases were tried together in the circuit court and were heard together here. Plaintiffs below, who are the appellees here, are the trustees of the Christian Church of Somerset. The church, together with furniture and fixtures therein, was destroyed by a fire occurring February 10, 1933.

The plaintiff Edgar Murrell was delegated by the official board of the church to look after the insurance upon the church property. Insurance against fire in the amount of $33,000 was at one time carried on the building and its contents, in nine different companies. Of this total insurance, policies aggregating $25,000 were in force at the time of the fire and have been paid in full upon the written representation by the board that this was *the total insurance carried*. Following the payment in full of the uncontested policies, suits were filed against the appellants here for $8,000 additional insurance claimed to be due and not paid. These suits were removed by the appellants to the United States District Court, where they were tried and dismissed without prejudice by the plaintiffs at the close of all the evidence. Thereupon, the suits now before us were filed in the state court, asking judgment against the appellants in the sum of $3,000 each for damages sustained by reason of the breach of the alleged contract to renew the policies.

The policies in question were issued through the firm of Prather & Waddle, insurance agents, for a term of one year, in the amount of $4,000 in each of the appellant companies. Two of the policies expired November 20, 1932, and the remaining two policies expired December 20, 1932. It is claimed by the plaintiff Murrell that on February 9, 1932, he told the agent, Prather, to renew all policies written by him at their expiration, in the same companies, and that the agent agreed to do so. The agent denies that he made any such agreement. In the view that we have taken of this case, it will not be necessary to weigh the probabilities as to whether or not the agreement was made. We shall assume that it was made and concern ourselves with one question, and one question alone, namely: Under the

facts here presented, did the agent have authority to make the alleged agreement *on behalf of his principals*?

It will be observed that there is no contention that policies aggregating $8,000, in addition to the $25,000 of admitted insurance, were in force at the time of the fire. In view of plaintiffs' written representation to the effect that the total insurance carried on the church and contents at the time of the fire was $25,000, it is clear that no claim is asserted on the basis of insurance policies either written or oral. The sole claim is for damages for breach of the alleged contract to renew, made nine months before the old policies expired.

This is not a suit against the agent, but against the principal. There is no claim that the agent had express authority, on behalf of his principal, to make a contract *to enter into a contract* nine months in the future. If the authority exists, it must be implied from the nature of the business transacted and the holding out by the principal.

Prima facie, the powers of an insurance agent are as broad as the business intrusted to his care. Union Mutual Life Ins. Co. v. Wilkinson, 13 Wall. 222, 235, 20 L. Ed. 617; Henry Clay F. Ins. Co. v. Grayson County State Bank, 239 Ky. 239, 39 S. W. (2d) 482. He has all power reasonably to be implied from the nature of the business. We have held that ''an insurance agent, having authority to solicit insurance, accept risks, agree upon and settle the terms of insurance, and to issue and renew policies, has the authority to make a preliminary parol contract, binding on his principal, either to issue or renew a policy about to expire.'' Gresham v. Norwich Union Fire Ins. Society, 157 Ky. 402, 405, 163 S. W. 214, 216. In the Gresham Case the court considered the fact that the purported contract to renew was made three or four months prior to the expiration of the existing policy as bearing on the issue whether or not the contract was made. The authority of the agent to make the contract was not questioned. Plainly, however, the period of time was considered as evidence on the question of the probabilities as to the existence of the oral contract in view of the customary methods of doing business.

It cannot be disputed that the agent in this case could have entered into a contract *in præsenti* to insure

the property involved for a term longer than one year and that this contract would be valid and enforceable against the insurance company. There is a clear dis-tinction between such a contract of insurance *in præsenti* and a contract *to* insure in the future. In the one case, the actuaries of the insurance company have a definite basis upon which to compute their risk and to charge a premium commensurate with the risk. The gamble under the law of probabilities is reduced to a minimum. The insurance company knows the extent of its risk and may provide adequate reserves to cover its possible liabilities. On the other hand, to imply authority in every insurance agent to make agreements to renew months ahead would upset all hope of mathematical calculation as to probable liability. Conceding that oral contracts of insurance are valid and that oral contracts to insure are valid if made to take effect within a reasonable time, we think that the power to make these agreements represents the outside limitation of what may be reasonably implied. In Underwood v. Pennsylvania Fire Ins. Co. (Sup.) 134 N. Y. S. 105, 107, the court held that the local agent had no power to bind his company on a promise to renew a policy made eight months prior to its expiration. The court said:

"Without regard to the limits of agents' powers contained in the New York standard form of contract, such a holding, in the words of Gray, J., 'would have to go further than any decision of this court has yet gone, and lay down an impolitic rule which would make the business of insurance transacted through agents all over the country, far away from their principal, altogether too hazardous and uncertain.' O'Reilly v. London Assurance, 101 N. Y. 575, 5 N. E. 568. * * *

"While an oral agreement to renew may be valid though made by an agent, the circumstances must be such as to indicate an apparent authority. Thus such an agreement has been sustained when it was shown to be 'the ordinary and usual agreement, which an insurance agent makes on the eve of a policy expiring, that he will renew it.' And this period was extended to authorize the agent's agreement made 10 days before the expiration. Squier v. Hanover Fire Ins. Co., 162 N. Y. 552, 554, 57 N. E. 93, 76 Am. St. Rep. 349.

"On the other hand, a verbal agreement to renew by a local agent made 10 months before the policy expired could not be presumed to bind the company. Brown v. Dutchess County Mutual Ins. Co., 64 App. Div. 9, 71 N. Y. S. 670."

See, also, Eastern Shore of Virginia Fire Ins. Co. v. Kellam, 159 Va. 93, 165 S. E. 637; McQuaid v. Ætna Ins. Co., 226 Mass. 281, 115 N. E. 428; Shank v. Glens Falls Ins. Co., 4 App. Div. 516, 40 N. Y. S. 14; Struzewski v. Farmers' Fire Ins. Co., 226 N. Y. 338, 123 N. E. 661.

We do not mean to hold that the ordinary agent has not power orally to agree to renew an expiring policy or to agree to issue a policy in a reasonable time. We do mean to hold that the mere fact that one is an insurance agent does not show that he has implied power to make an oral agreement on behalf of his principal, to renew at a remote time in the future. There should be no difficulty in determining the distinction; one is a *reasonable* time within the probabilities of the insurance business as ordinarily transacted, and within the normal practices of the insurance business, known or expected by insurance companies in dealing through agents and in determining their risks; while the other is an *unreasonable* time, reducing the insurance business to a mere gamble and substituting uncertain and interested memories in the place of written memorials. Continental Ins. Co. v. Jenkins, 9 Ky. Op. 147.

The decision of this court in Henry Clay Fire Ins. Co. v. Grayson County State Bank, 239 Ky. 239, 39 S. W. (2d) 482, relied upon by the plaintiffs, is not contrary to the views here expressed. It was held in that case that an agent had the power to agree on behalf of his company to continue the protection *during the interim* between the transfer of the property insured from the grantor to the grantee and the issuance of a new policy in the name of the grantee. This is very different from an agreement to issue a policy in the remote future.

No attempt was made in the instant case to prove that the local agent had any authority other than that to be implied from the nature of the business. There was nothing to show that the insurance companies ever

consented or held themselves out to be bound by such an extraordinary agreement. To uphold an agreement like this by implication would mean that favored customers might secure all the benefits of long term insurance without the payment of a premium in advance. We think that the nature of the business implies the absence of the power rather than its existence.

Other questions are involved, which we have not considered and do not decide.

Judgment reversed.

Whole court sitting, except Judge Richardson.