## State Automobile Mut. Ins. Co. v. Bowie.

Dec. 5, 1939.

Leslie W. Morris and Marion Rider for appellant.

Polk South, Jr., for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, James F. Bowie, brought this action against the State Automobile Mutual Insurance Company to recover on an oral contract of insurance for $700 on an automobile trailer and its contents destroyed by fire. The answer was a traverse, and upon the trial the jury returned a verdict for the plaintiff for $500 and the defendant has appealed. It is argued that (1) the evidence offered by the plaintiff failed to establish the alleged oral contract of insurance sued on and therefore the trial court erred in overruling defendant's motion for a directed verdict; (2) the jury failed to follow the instructions of the lower court; and (3) the verdict of the jury is flagrantly against the weight of the evidence.

On December 24, 1936, appellee purchased a "Silver Dome" trailer for $575. A few days later he was in the office of his brother-in-law, Mr. J. Roy Lewis, in Frankfort, Kentucky, and requested Mr. Lewis to obtain quotations for trailer insurance for him. Mr. Lewis was engaged in the real estate business and his office was in a room adjoining a room occupied as an office by the Dividend Insurance Agency, which was owned and operated by Mr. G. W. Wilkinson. Mr. Lewis stepped into the adjoining room and asked Mr. Wilkinson to furnish him the quotation. Mr. Wilkinson wrote the desired information on a slip of paper and handed it to Mr. Lewis, saying he would write the insurance for the amount shown on the slip. The memorandum prepared by Mr. Wilkinson showed that the premium on a policy on the trailer for fire, theft, and tornado insurance was $16, and the premium on a policy of fire insurance on the contents, was $6, or a total of $22. Mr. Lewis handed the memorandum to Bowie, who returned to his home in Louisville without consulting Mr. Wilkinson. A few days later he mailed a check for $22, payable to G. Wilkinson, to Mr. Lewis and requested him to obtain a policy of insurance on the trailer and its contents. On December 30, 1936, Lewis gave the check to Wilkinson and requested a receipt to be sent to Bowie showing

that the trailer and its contents were insured. Wilkinson signed a paper and handed it to Lewis, which is referred to by appellant as an application and by appellee as a receipt. It was on an automobile application form of the Lumbermen's Mutual Insurance Company of Mansfield, Ohio. It stated that the name of the insured was James F. Bowie, and the amount of insurance $500 on the trailer and $200 on the contents; that the total premium was $22; and that the insurance was effective December 30, 1936. Lewis mailed this paper to Bowie, who was a steel worker employed by the United States Government at Pickwick Dam in Alabama. The trailer and its contents burned on January 14, 1937, and, in the afternoon of that day, he telephoned to the Dividend Insurance Agency at Frankfort, Kentucky, and notified it of the loss. He was told by the clerk in the office who answered the telephone that he was not covered by insurance. It seems that in the meantime the Dividend Insurance Agency had sent the application to the Lumbermen's Mutual Insurance Company in Mansfield, Ohio, and on January 9, 1937, received a letter from it declining to issue the policy. What occurred between that date and the date of the fire is in dispute. Mr. Wilkinson handed this letter to Mr. Lewis, and, after reading it, Lewis said he would notify Bowie that he had no insurance. According to Lewis, Mr. Wilkinson said it was not necessary to notify Bowie that his trailer was not insured, as he had received a letter from another insurance company which he represented stating that it would write the insurance. Wilkinson then made out an application to the appellant, State Automobile Mutual Insurance Company, had some one in the office sign Bowie's name thereto, and he signed it as a witness. He mailed this application to appellant on January 9, 1937, together with a check for $16.30, the amount of the premium $22 less the agent's commission. Lewis testified that Wilkinson assured him the insurance was in effect. Wilkinson denied that he made such statement, but testified that upon receipt of the letter from the Lumbermen's Mutual Insurance Company refusing to issue the policy he told Lewis he would try to place the insurance with another company, and Lewis agreed to this proposal. On January 13, 1937, the Dividend Insurance Agency received a letter from appellant stating that unless the agent could place the fire, theft, and tornado coverage on the car used to pull the trailer, it would not be possible for it to accept the fire, theft, and tornado cov-

erage on the trailer. The concluding sentence of the letter was: "Please advise us what disposition should be made of this case by return mail." The insurance company did not return the premium and retained it until March 3, 1937, when it wrote the following letter to appellee:

"In view of your not having insurance with this Company at the time your trailer was destroyed by fire, it is imperative that we deny you a recovery for the loss you sustained.

"We are returning your application together with our check in the amount of $16.30 to Mr. G. W. Wilkinson, with the request that he return to you all monies paid in this transaction."

Immediately after the fire, appellee went to Frankfort, Kentucky, and the Dividend Insurance Agency referred him to appellant's adjuster, Mr. Deweese, of Lexington, Kentucky, who took a written statement from him and informed him that an investigation would be made. Mr. C. V. Bridwell, assistant manager of the Dividend Insurance Agency, testified that he handed to Mr. Lewis the letter received from appellant on January 13, 1937, and Miss Virginia Hubble, an employee in the office, testified that she discussed the matter with Mr. Lewis on January 14, 1937, before she received the telephone call from appellee. Mr. Lewis denied that Mr. Bridwell showed him the letter on January 13, 1937, or that Miss Hubble discussed the matter with him before the notice of the loss had been received. He stated that he first learned about the letter after appellee had notified the Dividend Insurance Agency of his loss. It will be observed that the letter from appellant to its agent in Frankfort was not a categorical rejection of the risk, but appellant retained the premium and asked its agent for further advice.

The essential elements of a contract of insurance, whether verbal or written, concerning which there must be an understanding are: (1) the subject-matter; (2) the risk insured against; (3) the rate of premium; (4) duration of the risk; (5) the amount of insurance; and (6) identity of the parties. Svea Fire & Life Insurance Company v. Foxwell, 234 Ky. 95, 27 S. W. (2d) 675; Preferred Risk Fire Insurance Company v. Neet, 262 Ky. 257, 90 S. W. (2d) 39. Here the subject-matter was the trailer and its contents, the risk insured against was

fire, theft, and wind, the rate of premium was $22 annually, the duration of the risk was one year, the amount of insurance was $700, and the parties were identified. The Dividend Insurance Agency represented ten insurance companies, but after the Lumbermen's Mutual Insurance Company refused to issue a policy the agent selected the appellant as insurer and mailed to it the premium. It is claimed that Mr. Wilkinson was without authority to bind appellant from the date of the application, but there is no evidence that appellee or his agent, Mr. Lewis, had any notice of such limitation on Mr. Wilkinson's authority. In Georgia Casualty Company v. Bond-Foley Lumber Company, 187 Ky. 511, 219 S. W. 442, 444, it was said:

"While the evidence shows that Respess & Co. had no actual authority to bind the company, yet it is the rule in this state that it is within the apparent scope of the authority of an agent, with power to solicit insurance, deliver policies and collect the premiums, to make an oral contract, and his act in so doing is binding on the company unless the insured knew of the limitation on his power."

In Preferred Risk Insurance Company v. Neet, supra, it was held that an oral contract of insurance will be presumed binding and made in contemplation of the issuance of the policy containing the customary conditions in use. In the course of the opinion it was said [262 Ky. 257, 90 S. W. (2d) 41]:

"It is a rule declared by the Supreme Court of the United States years ago, and accepted everywhere, that the powers of a local insurance agent are prima facie coextensive with the business intrusted to his care, and the company must be held responsible to the parties with whom he transacted business for his acts and declarations within the scope of his employment the same as if they proceeded directly from the principal. See Union Mutual Life Insurance Company v. Wilkinson, 13 Wall. 222, 20 L. Ed. 617. This rule and the special reasons for so binding insurance companies, as perhaps distinctive from the general law of agency, is fully considered in Henry Clay Fire Insurance Company v. Grayson County State Bank, 239 Ky. 239, 39 S. W. (2d) 482. It would seem sufficient to say, as is manifest from that opinion, that the vicarious liability of an insurance company for acts of its agent, even though they

directly conflict with his instructions and with the practice generally, is too deeply imbedded in the law of Kentucky to be changed or extracted now.''

The only substantial issue in the case was whether or not the appellee or his agent, Lewis, was notified before the loss that appellant had rejected the application. The evidence on this issue was conflicting, and there was sufficient evidence not only to take the case to the jury but to sustain its verdict.

Appellant's complaint that the jury failed to follow the instruction of the trial court seems to be based on the theory that appellee's right to recover was predicated upon the jury finding from the evidence that appellant through its agent on December 30, 1936, insured the trailer and contents, and that there was no evidence to authorize such finding since the application to appellant was not made until January 9, 1937. All the evidence was directed to the issue whether appellant's agent bound it by an oral contract of insurance. There was no dispute as to the time. If there was an oral contract of insurance, it is admitted by all parties that it was made January 9, 1937, and before the loss occurred. The instruction presented the real issue in the case, and the reference to December 30, 1936, as the date of the alleged contract could not have misled the jury.

The judgment is affirmed.