**MITTS & PETTIT, Inc., Appellant,**

v.

**BURGER BREWING COMPANY, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1958.

Rehearing Denied Dec. 12, 1958.

Redwine & Redwine, Harold G. Wells, Winchester, for appellant.

Strother Kiser, Lexington, for appellee.

WADDILL, Commissioner.

The appeal is from a judgment dismissing the complaint seeking damages for an alleged breach of contract.

Appellant filed complaint against appellee wherein it was alleged that on September 10, 1954, the parties entered into an oral agreement for appellant to act as the wholesale distributor of the appellee's beer in Bourbon, Fayette and Woodford Counties for a period of two years. It was further alleged that this agreement was breached by appellee by its failure to furnish the beer. Damages were asked in the sum of $20,696.14.

KRS 371.010(7) provides that:

"No action shall be brought to charge any person: * * * Upon any agreement that is not to be performed within one year from the making thereof; * * * unless the * * * agreement, * * * or some memorandum, or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. * * *."

The alleged oral agreement was obviously unenforceable under the quoted subsection of our Statute of Frauds. However, appellant claims a letter it received from appellee is a sufficient writing to satisfy the Statute of Frauds. The letter dated September 10, 1954, reads:

"Mitts & Pettit, Inc.
"Lexington, Kentucky

"Gentlemen:
"This is to confirm our agreement with you as follows:
"You are to act as our sole wholesaler for the period of two years beginning with the 10th day of September, 1954, and ending on the 9th day of September, 1956.

"The territory to be covered by your operator consists of the Counties of Bourbon, Fayette and Woodford.
"Yours truly,
"The Burger Brewing Company
s/s W. J. Huster
"W. J. Huster, President"

The trial court held that inasmuch as the letter did not contain the terms of the agreement, it was not a sufficient writing to take the alleged oral agreement out of the Statute of Frauds. The court sustained appellant's motion for summary judgment and dismissed the action.

■ The trial court correctly decided the case. In Treacy v. James, Ky., 274 S.W.2d 46, 47, this Court said:

"The writing 'must furnish the evidence of the terms [of the agreement], for this is the very purpose for which the statute was enacted. The terms * * * are of the very essence of the contract and they must necessarily be reduced to writing.'"

Also see, Clinkinbeard v. Poole, Ky., 266 S.W.2d 796, 41 A.L.R.2d 901; Mills v. McGaffee, Ky., 254 S.W.2d 716; and McKnight v. Broadway Investment Company, 147 Ky. 535, 145 S.W. 377.

The terms of a contract must be complete and sufficiently definite to enable the court to determine the measure of damages in the event of a breach. The letter relied upon to establish the contract failed to show the price of the beer which was an essential element of the alleged agreement. To recover damages in this case, the appellant must rely upon parol evidence to supply the price. This is prohibited by the Statute of Frauds.

Judgment affirmed.