**RES–CARE DEVELOPMENT CO., INC., Plaintiff,**

v.

**The OAKES AGENCY, INC., et al., Defendants.**

Civ. A. No. 88–303 L(J).

United States District Court,
W.D. Kentucky,
Louisville Division.

July 12, 1989.

Opinion on Motion to Alter or Amend
Oct. 30, 1989.

Robert W. Riley, Porter, Riley & Bardenwerper, Louisville, Ky., for plaintiff.

Louis Garlove, Morris Garlove Waterman and Johnson, Susan Simpson, Brown Todd and Heyburn, Louisville, Ky., for defendants.

Stephen Embry, Brown, Todd and Heyburn, Lexington, Ky., for Continental Ins.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

This matter is before the court on defendants' motion for summary judgment. Plaintiff Res–Care Development Co., Inc., has brought suit against an insurance company and others for breach of contract and professional negligence. Because the purported offer did not contain sufficiently certain terms to form a contract, and because the plaintiffs cannot show damages from any negligence, the court will grant summary judgment.

## FACTS

Plaintiff Res–Care Development Co., Inc. ("Res–Care") is a holding company with interests in nursing homes, job corp centers, and mental health facilities throughout the south and Indiana. In October 1986, Res–Care began discussing its insurance needs with defendant Oakes Agency,

Inc. ("Oakes Agency"). Res–Care wanted to consolidate its automobile, property, and liability insurance with one company, and believed the Oakes Agency had the resources to help them find a company to underwrite all its insurance needs.

Defendants C. Wayne Oakes and Bill Faircloth, employees of the Oakes Agency, told Ralph Coffman, vice-president of Res–Care, that they believed defendant Continental Insurance Co. ("Continental") could meet Res–Care's insurance needs. Coffman met with Continental representatives in February 1987 to discuss coverage, then met with Oakes and Faircloth on March 27, 1987. At the March meeting, Oakes and Faircloth presented Coffman a letter describing the insurance benefits they intended to provide his company. The letter listed the amount of coverage the Oakes Agency would provide for property, automobiles, and general liability. On one page of the letter, the Oakes Agency stated "the total premium is as follows:" and listed a blank line beside the words "package," "workers compensation," "total," and "payment." Coffman states he considered the letter to be an offer and accepted it immediately.

A few days later, Theresa Fox, an employee in the marketing department of Continental, gave Faircloth a "preliminary quote" of the total premium cost. She told him the coverages he wanted could be obtained for $491,000, but he might be able to obtain a reduction. Continental states the information should not have been released at that time, and that Fox, a marketing employee, was never authorized to release any price information. Faircloth relayed the information to Coffman, who called Continental on April 27, 1988, to discuss the reduction possibility. A Continental representative then told him they had decided not to offer insurance to his company.

A Res–Care employee became involved in an automobile accident in Mississippi in September, 1987. Continental refused to defend the claim.

## MOTION FOR SUMMARY JUDGMENT

Continental and the Oakes Agency argue that because no definite premium amount had been named, no contract was formed. In the alternative, even if the parties formed a contract, it was only a temporary "binder" and expired in 90 days, as set out in Ky.Rev.Stat. 304.14–220 (1987). Res–Care responds that a binding contract formed when it learned of the price of the insurance.

 To be valid, a contract must have reasonably certain terms. *Mitts & Pettit, Inc. v. Burger Brewing Co.*, 317 S.W.2d 865, 866 (Ky.1958). There must be an understanding of the identity of the parties, the subject matter, the risk insured against, the premium, the duration, and the amount of insurance. *State Automobile Mutual Insurance Co. v. Bowie*, 280 Ky. 696, 134 S.W.2d 601 (1940). Even an oral insurance contract is valid in Kentucky as long as the minds meet on all the essential elements. *Rabb v. Public National Insurance Co.*, 243 F.2d 940, 943 (6th Cir.1957).

 The March letter contained neither the premium nor the effective date and duration. Even when the Oakes Agency relayed a preliminary quote, the premium amount was uncertain. No insurance contract could be formed until the parties reached agreement on the premium. All parties, including Coffman, understood the premium quote to be only a preliminary figure. At his deposition he stated:

Question: Did you understand the quotation given to you by the Oakes Agency in the spring of 1987 for coverage to be provided by Continental a preliminary quotation?

Coffman: Yes, because I was instructed that they could give me a better price by going to Dallas.

Coffman Deposition, vol. 1, p. 99. Because the parties did not reach agreement on all the essential terms, no contract was formed.[1]

---

1. The court need not address whether the parties reach a "binder" agreement, because even if

they did, the binder would have expired 90 days

In its other claim, Res–Care alleges, without affidavits, that because of the Oakes Agency's negligence or misrepresentation, it by-passed opportunities to buy insurance from other agencies. Yet in his deposition Coffman admitted he met with another insurance agent on April 21, six days before he learned Continental would not provide coverage. Coffman Deposition, vol. 3, p. 17.

A court must grant summary judgment when there are no issues of material fact and one party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). An opposing party may not merely rest on the allegations of his complaint; when a material element of his claim is challenged, he must come forward with sufficient affirmative evidence to create a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988).

Here Res–Care alleges that the negligence of the Oakes Agency and the individual defendants caused them to be unable to find insurance. Yet Res–Care cannot list any opportunities to obtain insurance it lost because of its dealings with the defendants, and cannot explain why its dealings with the defendants prevented it from obtaining satisfactory insurance during the four months between when the deal broke and the accident occurred. Whether or not the Oakes defendants were negligent, Res–Care has not shown any damages resulting from the breach of duty. The same reasoning defeats Res–Care's estoppel argument, for without detrimental reliance there can be no estoppel.

Because there was no contract, and because there were no damages from negligence, there is no liability.

## ON MOTION TO ALTER OR AMEND

This matter comes before the court on the motion of Plaintiff Res–Care to alter or amend the summary judgment entered by this court July 14, 1989. The court has reviewed its Memorandum Opinion, the record and briefs of all parties. For the following reasons, Plaintiff's motion to alter or amend is OVERRULED.

In its Summary Judgment the court held that no contract for insurance was formed between the parties, that Plaintiff had failed to state a cause of action in negligence, and that Continental was not estopped from denying coverage to Res–Care.

Plaintiff contends that the court erred in holding as a matter of law that no contract for insurance was entered into by the parties. Plaintiff claims that a material issue of fact exists as to whether the parties ever bound themselves in contract and that summary judgment is therefore innappropriate. The court has reviewed the record of the case and an issue of fact as to whether a contract was entered does exist.

Noticeably lacking in Plaintiff's motion to alter or amend, as with Plaintiff's previous pleadings is a response to Defendants' argument that any agreement reached by the parties was a mere "oral binder" which lapsed before the accident in Mississippi. Under Kentucky law, any contract which may have been entered into, would still have been a temporary "oral binder" which under Kentucky Revised Statutes 304.14–220(2) lapsed after ninety (90) days, well before the accident which Plaintiff claims Continental is obliged to defend.

Defendants, therefore, are still entitled to Summary Judgment as to Plaintiff's contact claim.

Plaintiff contends that the court applied an incorrect standard in granting Defendants' motion as to Plaintiff's negligence claim. So that the record is clear, the court dismissed Plaintiff's negligence claim because Plaintiff had failed to demonstrate that it suffered damages resulting from a breach by Defendants of any duty.

Plaintiff alleges that it was discouraged from having other agents market its account by Defendants' assurances that they could satisfy Res–Care's needs. However,

after it was formed, well before the September accident. KY.REV.STAT. 304.14–220 (1987).

Plaintiff does not allege fraud or misrepresentation and nothing in the record supports their allegation that Defendants acted unreasonably. Where no issue of material fact remains summary judgment is appropriate. Such is the case here.

The Memorandum Opinion of the court dated July 14, 1989 filed in conjunction with the Summary Judgment is MODIFIED to include the reasoning set out in this opinion. The Summary Judgment to Defendants shall remain in full force and effect. IT IS SO ORDERED.

This Order is final and appealable.